**WESTERN ELECTRIC COMPANY, INCORPORATED, Petitioner,**

v.

**Honorable Herbert J. STERN, United States District Judge for the District of New Jersey, Nominal Respondent,**

**Kyriaki Cleo Kyriazi, Plaintiff-Respondent.**

**No. 76–2044.**

United States Court of Appeals, Third Circuit.

Argued Sept. 13, 1976.

Decided Nov. 5, 1976.

Rehearing Denied Dec. 27, 1976.

---

S. Joseph Fortunato, Edward P. Lynch, Pitney, Hardin & Kipp, Morristown, N.J., for defendant-petitioner, Western Elec. Co., Inc.; Robert A. Levitt, Western Elec Co., Inc., Greensboro, N.C., of counsel; Barry A. Guryan, Morristown, N.J., on the brief.

Judith P. Vladeck, Atty., Vladeck, Elias, Vladeck & Lewis, New York City, for plaintiff-respondent; Fox & Fox, Newark, N.J., of counsel.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Assoc. Gen. Counsel, Beatrice Rosenberg, Atty., John D. Schmelzer, Atty., Equal Employment Opportunity Comm., Washington, D.C., for amicus curiae.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Petitioner Western Electric Company ("Western") is alleged to have violated Title VII of the Civil Rights Act by discriminating against women in its hiring, job assignment, promotion, and pay practices. Plaintiff has also asserted pendent state claims. The petition for a writ of mandamus or prohibition raises procedural issues, namely, whether this court should grant relief under the All Writs Act (28 U.S.C. § 1651), to correct any abuse of discretion by the district court in denying petitioner's request for discovery of the named plaintiff or in certifying the class of plaintiffs.

The facts relevant to the resolution of these issues follow. The named plaintiff, Kyriaki Cleo Kyriazi, who originally brought this suit as an individual action, filed an amended complaint which includes class claims on April 30, 1973. Approximately one year later, Western moved to dismiss the class claims, but the district court concluded that the motion was premature, since Kyriazi had not yet taken discovery of the information in Western's employment records. After Kyriazi had obtained discovery of the records she moved for certification of the class, submitting a detailed memorandum to support her assertion that Western had engaged in pervasive discrimination against women. On July 16, 1975, the court granted certification of the class of "all females who are now or at any time since June 9, 1971 have been employed by defendant Western Electric Company, or who have sought employment with said Company during the pendency of this suit, at the Kearny Work Organization." The July 16 order also required plaintiff to submit a pre-trial memorandum detailing how Western had discriminated against each member of the class.

On October 14, 1975, the court altered the earlier order in two crucial respects. First, at plaintiff's request, it ordered that the issues be tried in two "separate and independent stages." The initial stage will concern any relief due the named plaintiff and the class as a whole. The second stage will concern any relief due individual members of the class other than named plaintiff, such as back pay. The October 14 order also eliminated the requirement that plaintiff specify in its pre-trial memorandum how Western had discriminated against the individual class members. During the proceedings in which the bifurcation request was argued, Western stressed its concern that the court continue to allow discovery in some form of plaintiff's specific claims as to members of the class. The court replied that it would allow Western "the most ample discovery" before the class stage of the trial, but defined this to include only the "evidence the plaintiff will produce" at that stage. Thus, while Kyriazi must still submit a pre-trial memorandum setting forth the proofs on which she intends to rely during the class stage, she need not include any information on which she does not intend to rely, even though it might be relevant to Western's defense.

Soon after the October 14 order, Western renewed its request for discovery, seeking to serve interrogatories on the named plaintiff. The district court referred the request to a magistrate, and, on July 16, 1976, adopted the magistrate's opinion, which recommended that the request be denied.

Western now asks this court to issue a writ directing the district judge to: 1) allow the Company to serve named plaintiff with interrogatories concerning the nature of the discrimination against each member of the class; 2) entertain a motion by the Company to reassess the propriety of maintaining the suit as a class action within a reasonable time after plaintiff has responded to the interrogatories; 3) vacate the class certification with instructions on the proper standard for certification. For the reasons stated below, we grant Western's request that it be allowed discovery but deny the other two requests.

I

The scope of this court's jurisdiction to grant prerogative writs was described in *Rodgers v. United States Steel Corp.,* 508 F.2d 152, 161 (3d Cir.) cert. denied 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975) (citations omitted):

> The power to issue such writs in aid of our potential appellate jurisdiction comprehends our responsibility for the orderly and efficient administration of justice within the circuit. The power will not, of course, be used to control the decisions of the trial court even if erroneous, made within that court's jurisdiction, but may be used to confine the trial court to the proper sphere of its lawful power, or to correct a clear abuse of discretion.

■ The district court's refusal to grant Western any discovery of plaintiff's asser-

tions as to the nature of Western's discrimination against individual members of the class was clearly in excess of its powers under the Federal Rules of Civil Procedure, and thus warrants correction under the All Writs Act.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . .." The information sought by Western is relevant to a possible defense at the class action stage of the trial. Western may attempt to rebut plaintiff's allegations of class-wide discrimination by showing that it was not guilty of discrimination in one or more instances which are alleged to fall within the pattern. Without discovering how it is alleged to have discriminated against individual class members, however, Western would have to defend its actions against a myriad of hypothetical challenges. On the other hand, if it is allowed to serve the proposed interrogatories it can offer plaintiff's answers at trial, and then defend its actions against specific and concrete challenges. Fed. R. Civ. P. 33(b).

Respondent Kyriazi asserts that the district court delayed rather than denied Western's right to discovery since Western will be able to discover plaintiff's assertions about the individual class members prior to the second stage of the trial. This argument is misplaced. The order of October 14 indicates that the class may obtain relief if it prevails at the first stage of the trial. Thus, Western could be substantially prejudiced if it were prevented from making a full defense of its class-wide practices. If our conclusion can be said to be inconsistent with *United States v. U. S. Steel Corp.,* 520 F.2d 1043 (5th Cir. 1975), we find that opinion unpersuasive.

■ Kyriazi also argues that allowing Western to bring up individual cases during the class stage of the trial would introduce needless complications, citing *Baxter v. Savannah Sugar Refining Co.,* 495 F.2d 437 (5th Cir. 1974), *cert. denied,* 419 U.S. 1033,

95 S.Ct. 515, 42 L.Ed.2d 308 (1974). But to deny Western the right to present a full defense on the issues would violate due process. Thus, while plaintiffs may make out a prima facie case under Title VII without introducing evidence on individual cases, at least under some circumstances, defendants must be allowed to present any relevant rebuttal evidence they choose, including evidence that there was no discrimination against one or more members of the class. We also reject Kyriazi's assertion that allowing Western to serve her with interrogatories on the specifics of the discrimination against the individual class members would violate due process by establishing a requirement of "opting-in." If Kyriazi is in good faith unable to fully answer the interrogatories, there would be no grounds for dismissing the claim of any member of the class.

Since relief under the All Writs Act is appropriate to enable Western to present a full defense at the general liability stage of the trial, we need not consider the arguments that the information covered by the interrogatories is relevant to the propriety of the class certification, to the formation of subclasses, and to court approval of any possible settlement of the class action.

## II

■ Western's second request is that we order the district court to reassess the class certification within a reasonable time after plaintiff has answered the interrogatories. Since the district court expressly stated that it regarded itself as under a continuing duty to reassess the propriety of the class certification, no such order is necessary.

Western's final request is that we order the district court to vacate the existing class certification. The Company argues that the district court was under the misimpression that in determining whether the suit met the requirements of Fed. R. Civ. P. 23, it could look only to "the class allegations" and could not examine the "facts" of the case. *See Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239 (3d Cir.) *cert.*

*denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

■ Western's request must be rejected since it has failed to show the clear abuse of discretion required for relief under the All Writs Act. The Record supports the conclusion that when the court said that it could not look at the "facts," the court meant that it should not prejudge whether "the claim can or cannot ultimately be vindicated after a trial." In the first place, the court had previously refused to rule on the propriety of maintaining the suit as a class action because plaintiff had not yet had access to the information in Western's employment records. Moreover, the court's remarks during the proceedings in which it ruled on plaintiff's motion for certification indicate that the court did weigh the relevant specifics which had thus far been presented. For example, the court noted that plaintiff Kyriazi differed from other members of the class in "many" ways, including that she was an engineer and others were not, and that she had been terminated, while others were never hired, but concluded that her claims were sufficiently typical of those of the class to satisfy Rule 23. In short, Western has failed to sustain its burden of persuasion that the district court did not examine the facts before it.

A writ of mandamus will issue directing the district court to grant Western's request to serve interrogatories on the named plaintiff before filing its pre-trial memorandum with respect to the class stage of the trial. The petition will otherwise be denied. The parties shall bear their own costs.