**TRANSAMERICAN REFINING CORP., et al., Plaintiffs,**

v.

**DRAVO CORP., et al., Defendants.**

**Civ. A. Nos. H–88–789, H–89–0017.**

United States District Court,
S.D. Texas,
Houston Division.

Sept. 16, 1991.

William H. White, Susman, Godfrey, Houston, Tex., Jeffrey M. Kaplan, Fine, Kaplan & Black, Philadelphia, Pa., for plaintiffs.

John D. Roady, Hutcheson & Grundy, Houston, Tex., R. Alan Wight, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., Robert V. Abendroth, Marcia R. Schwartz, Whyte & Hirschboeck, Milwaukee, Wis., Fred Knapp, Jr., Andrews & Kurth, Houston, Tex., for Dravco Corp.

Thomas P. Nalley, S.M. Fallis, Jr., Diane O. Palumbo, Nichols, Wolfe, Stanper, Nally & Fallis, Inc., Tulsa, Okl., Ronald J. Blask, Ronald J. Blask & Associates, Houston, Tex., for Word Industries P.se Fabricating, Inc.

Patricia A. Hair, Crain, Caton & James, Houston, Tex., Joseph A. Katarincic, George B. Foster, Richard F. Paciaroni, David A. Borkovic, Katarincic, Salmon & Steele, Pittsburgh, Pa., for Pullman Power Products Corp.

Ronald S. Liebman, Patton, Boggs & Blow, Washington, D.C., Jeffrey Marburg–Goodman (pro hac vice), for Crane Co.

Jeffrey S. Lynch, Dallas, Tex., for Mannesman Pipe & Steel Co., Inc.

William Key Wilde, Bracewell & Patterson, Houston, Tex., for Allied–Signal Corp.

John Joseph Cassidy, Miller, Cassidy, Larroca & Lewin, Washington, D.C., Robin C. Gibbs, Phillip T. Bruns, Gibbs & Ratliff, Houston, Tex., for Benjamin F. Shaw, Inc.

Thomas A. Donovan, Kirkpatrick & Lockhart, Pittsburgh, Pa., for Power Piping Co.

Robert V. Abendroth, Marcia R. Schwartz, Hollis E. Wright, Whyte & Hirschboeck S.C., Milwaukee, Wis., for Ladish Co.

Thomas Cummings, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., Timothy D. Riley, John Yow, Floyd, Taylor & Riley, Houston, Tex., for Labarge, Inc.

William B. Allison, Sewell & Riggs, Houston, Tex., Judy Popper, Dechert, Price & Rhodes, Philadelphia, Pa., for Louis Canuso, Inc.

Thomas A. Croft, Houston, Tex., for Johnson Controls, Inc.

Fred Knapp, Jr., Andrews & Kurth, Houston, Tex., for Ladish Co.

Wayne E. Webb, Jr., Pravel, Gambrell, Hewitt, Kimball & Krieger, Houston, Tex., for W.F.I. Intern. Inc.

James I. Smith, Jr., Ryan & Smith, Houston, Tex., for Tad U.S.A. Steel Pipe & Fittings, Inc.

Harold E. Kohn, Steven A. Asher, Marguerite R. Goodman, Kohn, Savett, Kelin & Graf, Philadelphia, Pa., Mitchell B. Lansden, Hinton, Sussman & Bailey, Houston, Tex., for Bowline Corp.

James A. Carmody, Keck, Mahin & Cate, Houston, Tex., for Wickes Mfg. Co.

William B. Bohling, Jones & Waldo, Salt Lake City, Utah, for Pipe Fabricating & Supply.

Fulbright & Jaworski, Houston, Tex., for U.S. Metals, Inc., Steve Scott.

Heidi L. McNeil, Snell & Wilmer, Phoenix, Ariz., for John J. Bouma, Class Members plaintiffs, El Paso Elec. Co., Public Service Co. of New Mexico, Salt River Project, Southern California Edison Co., Southern California Public Power Authority and Dept. of Water & Power of the City of Los Angeles.

John A. Irvin, Kelly D. Dahlman, Thelen, Marrin, Johnson & Bridges, Houston, Tex., for Bear Tubular Steel, Inc.

Christopher B. Allen, Liddell, Sapp, Zively, Hill & Laboon, Houston, Tex., for ITT Fluid Products Corp.

Norman E. Greenspan, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., Scott Carpenter, Houston, Tex., for Daniel M. Petrone.

Larkin C. Eakin, Jr., Woodward, Hall & Primm, Houston, Tex., for Newman, Flange & Fitting Co.

John J. Bouma, Snell & Wilmer, Phoenix, Ariz., for Class Members plaintiffs.

Marc Ullman, Chadbourne & Parke, New York City, for Third–Party defendants Guyon Alloys, Inc., James P. Dooner, John A. Dockray, Nicholas Cannone.

Harry Frischer, Stein, Zauderer, Ellenhorn Frischer & Sharp, New York City, John R. Hiner, Jr., Newark, Del., for Wickes Mfg. Co.

Gerard G. Pecht, Fulbright & Jaworski, Houston, Tex., for Coffer Corp.

## MEMORANDUM AND ORDER

CALVIN BOTLEY, United States Magistrate Judge.

Before the Court is the Defendants' Motion for Permission to Take Discovery of Class Members (# 1010), which after considering the pleadings and the applicable law, finds that the motion is meritorious and should be granted in part.

The class members in this litigation are companies who use specialty steel in designing and constructing nuclear power plants, conventionally-fueled power plants, refineries, and coal gasification plants, who contend they purchased specialty steel piping materials from the defendants or their co-conspirators on a cost-plus basis over a 20 year period from January, 1966 to 1986. The class members contend that the cost-plus purchases amounted to a kick back scheme and are seeking to recover the overpayments and damages.

The defendants seek to take limited discovery of absent class members by pro-

pounding interrogatories to each company to obtain evidence by discovery on issues pertinent to their defenses and plaintiffs' claims.

The general principles of law regarding the taking of discovery of absent class members via interrogatories is well settled. First, Rules 33 and 34, Fed. R.Civ.P. do not provide for discovery against absent class members as a matter of course. Second, Rules 33 and 34 generally apply to parties, therefore, interrogatories may not be served on a person not a party. See 4 A.J. Moore, Moore's Federal Practice, 933.06 at 33–33 (2d ed. 1982); *Andrulonis v. United States*, 96 F.R.D. 43 (N.D.N.Y.1982). Third, several courts have recognized that absent class members are not parties within the meaning of Rule 23, Fed.R.Civ.P. *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

In *Cox v. American Cast Iron Pipe Company*, 784 F.2d 1546 (11th Cir.1986), the Court declined to permit discovery of absent class members. The Court decided that the discovery was not necessary and therefore improper and should not have been permitted by the trial court. In *Fischer v. Wolfinbarger*, 55 F.R.D. 129 (W.D.Ky.1971) discovery of absent class members (some 3000) was disallowed in a Rule 10b–5 action. The Court decided that:

> [D]iscovery proceedings, such as the proposed interrogatories, are improper, directed as they are to members of the class who are not named plaintiffs. The class action is designed for the situation, as Rule 23(a)(1) specifically contemplates where "the class is so numerous that joinder of all members is impracticable." It is designed to provide a fair and efficient procedure for handling claims where the claims or defenses of the parties are typical of the claims or defenses of the class, where there are questions of law or fact common to the class, and where it is fair to conclude that the representative parties will fairly and adequately protect the interests of the class. It is not intended that members of the class should be treated as if they were

parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail.

Both the *Cox and Fischer* Courts acknowledge that the discovery sought would be relevant under Rule 26, Fed.R.Civ.Pro. but determined that was not the standard. The discovery must relate to or impact upon common issues at trial or the underlying premises of Rule 23 is thwarted. *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485 (S.D.N.Y.1973); *Gardner v. Awards Marketing Corporation*, 55 F.R.D. 460 (D.Utah 1972); *Susman v. Lincoln American Corporation*, 550 F.Supp. 442 (N.D.Ill.1982).

However, the majority of courts considering the scope of discovery against absent class members have granted discovery via interrogatories or document requests (1) where the information requested is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome and (3) when the information is not available from the class representative parties. *Dellums v. Powell*, 566 F.2d 167 (D.C.Cir.1977); *United States v. Trucking Employers, Inc.*, 72 F.R.D. 101 (D.D.C.1976); Additionally, in *Brennan v. Midwestern United Life Insurance Company*, 450 F.2d 999 (7th Cir.1971), the pre-Dellums rule, at least in the Seventh Circuit, held fast to the principle that absent class members should not be required to submit to discovery as a matter of course, but if discovery from absent class members is necessary and helpful to the proper presentation and correct adjudication of the principle suit, and adequate precautionary measures are taken to insure that the absent class members are not misled or confused, and most important, the Court determines that justice to all parties require that absent class members furnish certain information, then the discovery via interrogatories or document requests should be allowed.

After careful review of the scope of discovery in the interrogatories to be propounded to the absent class members, the

Court finds that some discovery of absent class members is warranted. The interrogatories are clear, concise, and limited primarily to the defendants' defenses and the plaintiffs' claims and are not misleading or confusing, and will impact upon common issues at trial. It is pertinent to note that the discovery sought is relevant to the decision of common questions and may be known only to the absent class members. Pertinent to the central inquiry in this litigation are (1) the identity of class members, (2) whether they actually purchased specialty steel on a cost-plus basis, (3) from whom the purchases were made, (4) the actual amount of each purchase, (5) and for which specific projects. Equally pertinent are the issues of whether the absent class members relied upon the alleged fraudulent misrepresentations or fraudulent concealments.

The defendants have pled the defenses of waiver, ratification, estoppel, accord and satisfaction, and release. It is relevant to determine from the absent class members whether they received credits from suppliers which the fabricators may have received and not deducted from the costs of specialty steel invoiced to class members, whether the absent class members passed on the alleged overcharged costs, or whether they received restitution or have given releases for their claims. These inquiries, among others, may not be known to the representative class members and only to each absent class member; thus warranting the providing of information by the absent class members via interrogatories.

The defendants have shown justification for discovery from absent class members, however, discovery will be limited. 8 C. Wright Fed. Practice & Procedure, § 271 (Supp.1990). Discovery in this litigation closes on January 1, 1992. It is unduly burdensome to propound interrogatories to 6,000 absent class members during the remaining months of discovery. It is therefore

ORDERED that the Defendants' Motion for Permission to Take Discovery of Class Members (# 1010) is granted in part. It is further

ORDERED that the defendants shall identify and serve 50 absent class members with the interrogatories attached to their motion. It is further

ORDERED that the absent class member shall respond to the defendants' interrogatories no later than November 1, 1991.