**In re CARBON DIOXIDE INDUSTRY ANTITRUST LITIGATION.**

**This Document Relates to All Actions.**

**No. M.D.L. 940.**

United States District Court,
M.D. Florida,
Orlando Division.

July 12, 1993.

Dianne M. Nast, Steven M. Steingard, William E. Hoese, Kohn, Nast & Graf, P.C., David Berger, Berger & Montague, P.C., Philadelphia, PA, Jerome W. Hoffman, Scott Edward Clodfelter, Lizabeth Ann Leeds, Atty. General's Office, Dept. of Legal Affairs, Tallahassee, FL, Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Ann C. Yahner, Jerry C. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Vance K. Opperman, Heins, Schatz & Paquin, Minneapolis, MN, for Carbon Dioxide Industry Antitrust Litigation.

Weeun Wang, Gregory E. Neppl, Barry L. Creech, U.S. Dept. of Justice, Antitrust Div., Washington, DC, for U.S.

Jerome W. Hoffman, Scott Edward Clodfelter, Lizabeth Ann Leeds, Atty. General's Office, Dept. of Legal Affairs, Tallahassee, FL, for State, ex rel. Robert A. Butterworth.

Dianne M. Nast, Steven M. Steingard, William E. Hoese, Kohn, Nast & Graf, P.C., Philadelphia, PA, Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Ann C. Yahner, Jerry C. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, DC, for Flame Welding Supply Inc.

Dianne M. Nast, Kohn, Nast & Graf, P.C., Philadelphia, PA, Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Jerry C. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Vance K. Opperman, Heins, Schatz & Paquin, Minneapolis, MN, for Fairbank Reconstruction Corp.

David Berger, Berger & Montague, P.C., Philadelphia, PA, for Seven–Up Bottling Co.

Dianne M. Nast, Kohn, Nast & Graf, P.C., Philadelphia, PA, Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Ann C. Yahner, Jerry C. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Vance K. Opperman, Heins, Schatz & Paquin, Minneapolis, MN, for Fairbank Farms, Inc.

Michael J. Freed, Steven A. Kanner, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, for Better Beverages Inc.

Vance K. Opperman, Richard A. Lockridge, Heins, Schatz & Paquin, Minneapolis, MN, John P. Bailey, Bailey Law Offices, Bemidji, MN, Lynn L. Sarko, Keller & Rohrback, Seattle, WA, James S. Bailey, Todd R. Seelman, Bailey, Harring & Peterson, P.C., Denver, CO, for H.E. Everson Co., Inc.

Allyn Zissel Lite, Goldstein, Till, Lite & Reiken, Newark, NJ, for Vineland Syrup, Inc.

Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Robert J. Rohan, Rohan, Goldfarb & Shapiro, P.S., Seattle, WA, for A & W Bottling Inc.

Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, John F. Innelli, Rudolph, Seidner, Goldstein, Rochestie & Salmon, P.C., Philadelphia, PA, for Multi-Flow Dispensers.

Hal Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Edward A. Berman, Edward A. Berman, P.C., Chicago, IL, Guido Saveri, Saveri & Saveri, Francis O. Scarpulla, San Francisco, CA, for Indus. Testing Laboratories, Inc.

Vance K. Opperman, Richard A. Lockridge, W. Joseph Bruckner, Heins, Schatz & Paquin, Minneapolis, MN, John P. Bailey, Bailey Law Offices, Bemidji, MN, Allen D. Black, Arthur Kaplan, Fine, Kaplan & Black, Philadelphia, PA, Joseph Goldberg, Freedman Boyd Daniels Peifer Hollander Guttman & Goldberg, Albuquerque, NM, Thomas K. Brill, Isaac L. Diel, Mission Hills, KS, James S. Bailey, Todd R. Seelman, Bailey, Harring & Peterson, P.C., Denver, CO, for Bemidji Welders Supply Co.

Vance K. Opperman, Richard A. Lockridge, Heins, Schatz & Paquin, Minneapolis, MN, John P. Bailey, Bailey Law Offices, Bemidji, MN, Allen D. Black, Arthur Kaplan, Fine, Kaplan & Black, Philadelphia, PA, Joseph Goldberg, Freedman Boyd Daniels Peifer Hollander Guttman & Goldberg, Albuquerque, NM, Thomas K. Brill, Mission Hills, KS, Todd R. Seelman, Bailey, Harring & Peterson, P.C. Denver, CO, James S. Bailey, Jr., Calkins, Kramer, Grimshaw & Harring, P.C., Denver, CO, for Dakota Beverages, Inc., for Dakota Beverages, Inc., Pepsicola Bottling Co. of Fargo, Inc., Mindak Beverag-

es Inc., Pepsicola Bottling Co. of Sioux Falls, Inc.

Jeffrey M. Forster, Berliner, Cohen & Biagini, San Jose, CA, Melvyn Lee Segal, Melvyn L. Segal & Associates, Chicago, IL, for Carbonic Service Co., Inc.

Richard A. Lockridge, Heins, Schatz & Paquin, Minneapolis, MN, Jeffrey M. Forster, Berliner, Cohen & Biagini, San Jose, CA, Melvyn Lee Segal, Melvyn L. Segal & Associates, Chicago, IL, for George Rossman Inc.

Gregory A. Presnell, Akerman, Senterfitt & Eidson, Orlando, FL, Glynna W. Freeman, John F. Kinney, James T. Malysiak, Lee A. Freeman, Jr., Freeman, Freeman & Salzman, P.C., Chicago, IL, for Pepsico Inc., Hondo Inc., Herbco Enterprises, Inc.

Glynna W. Freeman, John F. Kinney, James T. Malysiak, Lee A. Freeman, Jr., Freeman, Freeman & Salzman, Chicago, IL, for Anheuser-Busch, Inc., Cargill Inc., Coca-Cola Co., Doskocil Companies Inc., Excel Corp., FDL Foods Inc., Kraft Gen. Foods, Inc., Sara Lee Corp., Jackson Coca-Cola Bottling Co., Ouachita Coca-Cola Bottling Co., Coca-Cola Bottling Co. of South Arkansas.

John Philip McCarthy, Law Offices of John Philip McCarthy, Philadelphia, PA, for Gas Arc Supply Inc.

James B. Sloan, Pedersen & Houpt, William T. Gotfryd, William T. Gotfryd & Associates, Chicago, IL, for Schwan's Sales Enterprises, Inc.

Mark Reinhardt, Sara L. Madsen, Reinhardt & Anderson, St. Paul, MN, Charles H. Johnson, Charles H. Johnson & Associates, New Brighton, MN, for Michael J. Iannacone.

Melvyn Lee Segal, Melvyn L. Segal & Associates, Chicago, IL, for Foster Poultry Farms.

Jeffrey M. Forster, Berliner, Cohen & Biagini, San Jose, CA, for Mohawk Packing Co.

Dianne M. Nast, Kohn, Nast & Graf, P.C., Philadelphia, PA, H. Laddie Montague, Berger & Montague, P.C., Philadelphia, PA, Hal

Kemp Litchford, Litchford, Christopher & Ruta, Orlando, FL, Joel C. Meredith, Meredith & Cohen, P.C., Philadelphia, PA, Gary L. Specks, Julie A. Swanson, Altheimer & Gray, Chicago, IL, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, Ann C. Yahner, Jerry C. Cohen, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Vance K. Opperman, Heins, Schatz & Paquin, Minneapolis, MN, Guido Saveri, Saveri & Saveri, San Francisco, CA, Michael J. Freed, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, Arthur Kaplan, Fine, Kaplan & Black, Philadelphia, PA, Thomas K. Brill, Mission Hills, KS, James S. Bailey, Bailey, Harring & Peterson, P.C., Denver, CO, Vernon N. Reaser, Law Office of Vernon N. Reaser, Victoria, TX, Granvil Specks, Specks & Goldberg, Chicago, IL, for A & W Bottling, Inc., Better Beverages Inc., H.E. Everson Co., Inc., Seven–Up Bottling Co.

James Robert Lussier, David Leonard Evans, Mateer, Harbert & Bates, P.A., Rafael Eduardo Martinez, Thomas Earle Dukes, III, Jeffrey S. Badgley, Sanders, McEwan, Martinez, Luff & Dukes, P.A., John Edwin Fisher, James Michael Talley, Lora A. Dunlap, Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, FL, Patrick J. Heneghan, William G. Schopf, Jr., Arthur J. Howe, Schopf & Weiss, Chicago, IL, Timothy Desmond Kelly, Wendy A. Snyder, Kelly & Berens, Minneapolis, MN, for Liquid Air Corp.

Michael Sennett, Michael A. Forti, Michael J. Abernathy, Greg Shinall, Bell, Boyd & Lloyd, Chicago, IL, Christopher K. Kay, Michael J. Beaudine, Foley & Lardner, Orlando, FL, Jeffrey S. Badgley, Sanders, McEwan, Martinez, Luff & Dukes, P.A., Orlando, FL, for Liquid Carbonic Indus. Corp.

Nicholas J. Bua, John E. Burke, Claudia J. Lovelette, Burke, Bosselman & Weaver, Chicago, IL, Rafael Eduardo Martinez, Thomas Earle Dukes, III, Jeffrey S. Badgley, Sanders, McEwan, Martinez, Luff & Dukes, P.A., Orlando, FL, for BOC Group, Inc.

Eric N. Macey, Bruce Braverman, Novack & Macey, Chicago, IL, for American Cryogas Industries, Inc.

Steven R. Kuney, Williams & Connolly, Washington, DC, Leland W. Hutchinson, Jr., Freeborn & Peters, Chicago, IL, for Archer Daniels Midland Co.

## *ORDER*

FAWSETT, District Judge.

This case is before the Court upon the following matters:

1. Defendants' Joint Motion to Compel Responses by Class Plaintiffs to Defendants' Joint Interrogatories and Requests for Production of Documents and Memorandum in Support of Defendants' Motion and Defendants' Certificate of Counsel Pursuant to Local Rule 3.04 (Doc. No. 161, filed May 27, 1993); Response of Plaintiff Schwan's Sales Enterprises, Inc. in Opposition to Defendants' Joint Motion to Compel Plaintiffs' Production of Documents and Response to Interrogatories (Doc. No. 168, filed June 9, 1993); and Class Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Compel Responses by Class Plaintiffs to Defendants' Joint Interrogatories and Requests for Production of Documents and Joint Motion to Set a Schedule for Discovery by All Parties (Doc. No. 172, filed June 14, 1993).

Defendants seek to compel discovery responses from non-class representatives, contending that "name" Plaintiffs are always subject to discovery, even though they have not been designated as class representatives. Class Plaintiffs, on behalf of the non-representative class members, argue that absent class members are generally not subject to discovery and therefore the non-representative "name" Plaintiffs in this action should not be subject to discovery either.

In the instant case, Defendants seek discovery from Plaintiffs who initially filed actions in this multi-district litigation as named Plaintiffs, but who subsequently were not chosen as representative parties for class purposes. By virtue of not being chosen as class representatives, these Plaintiffs remain as passive class members, on equal footing with all other non-representative class mem-

bers.[1] The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted, particularly on the issue of liability. In certifying the class, this Court found that the claims of the class representatives were typical of the class as a whole. This issue was expressly discussed in the discovery context at the Court's initial hearing in this case on October 28, 1992. Plaintiffs' counsel stated that rather than having eleven or twelve class representatives, Plaintiffs would select three or four companies, and "those will be the cases if defendants want those will be the party plaintiffs if defendants want discovery, to whom they should address it." (Doc. No. 22, p. 85). The Court then inquired of Mr. Burke, representing the Defendants, by asking: "Mr. Burke, is there any response to that?" to which Mr. Burke responded, "No, your Honor." (Doc. No. 22, pp. 85–86). As this dialogue shows, Defendants were on notice that discovery would be limited to the class representatives.

■ Moreover, there is no indication that the information sought from the non-representative class members differs in any way from the information already provided by the class representatives. Defendants have not argued that they have a particularized need to obtain information not available from the class representatives. Absent a showing of such particularized need, the Court will not permit general discovery from passive class members. This determination is supported by the legal authority in this Circuit, *see, e.g., Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1555–57 (11th Cir.), *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986), as well as decisions from other courts in other Circuits. *See, e.g., In re "Agent Orange" Product Liability Litigation,* 104 F.R.D. 559, 562 n. 1 (E.D.N.Y.1985); *United States v. Trucking Employers, Inc.,* 72 F.R.D. 101, 104–05 (D.D.C.1976). The Court, following Eleventh Circuit precedent, is not persuaded by the rationale of *Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir.1971), *cert. denied,* 405 U.S. 921,

92 S.Ct. 957, 30 L.Ed.2d 792 (1972) and *In re Folding Carton Antitrust Litigation,* 83 F.R.D. 260 (N.D.Ill.1979) upon which Defendants would rely.

Accordingly, Defendants' Joint Motion to Compel Responses by Class Plaintiffs to Defendants' Joint Interrogatories and Requests for Production of Documents (Doc. No. 161) is **DENIED** in accordance with this Order.

2. Defendants' Joint Motion to Set a Schedule for the Production of Documents by All Parties and for Answers to Defendants' Interrogatories by All Named Plaintiffs and Memorandum in Support of Defendants' Motion (Doc. No. 164, filed June 1, 1993); Plaintiffs' Response to Defendants' Joint Motion to Set a Schedule for the Production of Documents by All Parties and for Answers to Defendants Interrogatories by All Named Plaintiffs (Doc. No. 169, filed June 9, 1993); and Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Set a Schedule for Discovery by All Parties (Doc. No. 172, filed June 4, 1993).

Defendants seek to require simultaneous production of all outstanding discovery and to include non-representative class members in its discovery requests. The Court has determined, above, that non-representative class members shall not be subject to discovery absent a showing of a particularized need for information that cannot be obtained from the class representatives.

■ In addition, all discovery requests that were previously subject to orders of this Court should have been completed. One party's compliance with a Court Order may not be conditioned upon another party's compliance.

Accordingly, Defendants' Joint Motion to Set a Schedule for the Production of Documents by All Parties and for Answers to Defendants' Interrogatories by All Named Plaintiffs (Doc. No. 164) is **DENIED** in accordance with this Order. Any discovery ordered produced by this Court that is still outstanding shall be produced within five (5) days from the date of this Order. Failure to

---

**1.** The Court recognizes that any party exercising the right to proceed independently by opting out

of the class will be·subject to discovery.

comply with this Order may result in the imposition of sanctions.

3. Defendants' Motion to Compel Production of Computer Data in Response to Defendants' Second Joint Document Request and Memorandum of Law (Doc. No. 167, filed June 8, 1993); Notice of Withdrawal as to Plaintiff Seven–Up Bottling Company of Defendants' Motion to Compel Production of Computer Data in Response to Defendants' Second Joint Document Request (Doc. No. 173, filed June 15, 1993); Reply of Class Action Plaintiffs to Defendants' Motion to Compel Production of Computer Data in Response to Defendants' Second Joint Document Request (Doc. No. 175, filed June 16, 1993); and Individual Plaintiffs' Opposition to Defendants' Motion to Compel Production of Computer Data (Doc. No. 184, filed June 22, 1993).

In accordance with the rulings above, the only remaining issue in Defendants' Motion is the production of computer data from individual, non-class Plaintiffs. Upon consideration, *the Court will conduct a fifteen (15) minute telephonic hearing at 9:30 a.m. on Tuesday, July 13, 1993* to consider Defendants' Motion as it pertains to the individual, non-class Plaintiffs in this case. Counsel for Defendants shall be responsible for arranging the conference call connections and contacting the Court at 9:30 a.m. on Tuesday, July 13, 1993, when all of the interested parties are connected. Therefore, Defendants' Motion to Compel Production of Computer Data in Response to Defendants' Second Joint Document Request (Doc. No. 167) is **DENIED** as to the class Plaintiffs and **DEFERRED** as to the individual Plaintiffs.

4. Plaintiffs' Rule 37(b) Motion to Compel Liquid Air Corporation to Comply with the Court's Discovery Orders to Produce Documents Being Withheld as Confidential and Supporting Memorandum (Doc. No. 181, filed June 18, 1993); Defendant Liquid Air Corporation's Rule 26(c) Motion to Condition Discovery of Confidential Commercial Information Upon an Agreement and/or Order to Use Such Information Only for the Purposes of this Case (Doc. No. 188, filed June 24, 1993); Defendant Liquid Air Corporation's Memorandum in Support of its Rule 26(c)

Motion and in Opposition to Plaintiffs' Motion to Compel (Doc. No. 189, filed June 24, 1993); and Plaintiffs' Memorandum in Opposition to Defendant Liquid Air Corporation's Rule 26(c) Motion to Condition Discovery of Confidential Commercial Information upon an Agreement and/or Order to Use Such Information Only for the Purpose of this Case (Doc. No. 193, filed June 30, 1993).

In these Motions Plaintiffs seek to compel Defendant Liquid Carbonic Air Corporation ("Liquid Air") to produce documents and computerized data which the Court has previously ordered Liquid Air to produce. Liquid Air resists producing any documents without the benefit of a confidentiality agreement between the parties. Apparently, ongoing negotiations over a confidentiality agreement between Plaintiffs and Defendants in this case broke down prior to the production of documents by Plaintiffs, and Plaintiffs elected to produce their documents without such an agreement. Plaintiffs' now contend that Defendants must also produce their documents without the benefit of an agreement on confidentiality.

■ Although this Court has consistently refused to enter a general protective order in the case, the Court is aware of the legitimate needs of the litigants in protecting confidential business information, and the Court has suggested on several occasions that the parties enter private confidentiality agreements that would be enforceable by the Court. This issue was carefully considered by telephonic hearing on June 24, 1993 in settling a similar disagreement between Defendants and non-party Carbonic Industries Corporation. At that time, the Court endorsed Defendants' proposed agreement (Doc. No. 146, Exh. A) with several important modifications (hereinafter the "Modified Agreement") as described in the Court's Order of June 24, 1993 (Doc. No. 192). The Court found that the Modified Agreement adequately protected the interests of all parties to that dispute. Similarly, the Court finds that the Modified Agreement is sufficient to protect the interests of Plaintiffs and Liquid Air in the instant dispute.

Liquid Air has been ordered to produce documents by this Court, and the Court will

not countenance any further delay in such production. The parties are encouraged to settle this issue privately. However, the Court will enforce as its Order the provisions of the Modified Agreement to Liquid Air's production, even without an agreement by the parties.[2] Any party to Liquid Air's production may apply to this Court to enforce the terms of the Modified Agreement.[3]

Accordingly, Plaintiffs' Rule 37(b) Motion to Compel Liquid Air Corporation to Comply with the Court's discovery Orders to Produce Documents Being Withheld as Confidential (Doc. No. 181) is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order. Liquid Air shall comply with the discovery requests within five (5) days from the date of this Order. Liquid Air's Rule 26(c) Motion to Condition Discovery of Confidential Information Upon an Agreement and/or Order to Use Such Information Only for the Purposes of this Case (Doc. No. 188) is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order. The Court shall constructively impose the terms of the Modified Agreement to ensure that confidential business information is not misused.

5. Defendants' Motion for a Protective Order and for Entry of Deposition Procedures Order and Memorandum in Support (Doc. No. 195, filed July 2, 1993), and Plaintiffs' Opposition to Certain Defendants' Motion for a Protective Order and for Entry of Deposition Procedures Order (Doc. No. 196, filed July 7, 1993).

Plaintiffs have served Defendants with Amended Rule 30(b)(6) deposition notices of Defendants in order to identify the data that each Defendant maintains on computers and the hardware and software necessary to access the information. Defendants seek to quash the notices and to set schedules and procedures for taking depositions in this case. Defendants correctly note that at the January 28, 1993 hearing, the Court strongly encouraged all parties in the case to agree on deposition procedures to facilitate merits discovery in the case. The Court now reaffirms the desire to maintain orderly and efficient procedures for completing discovery in this case. Nevertheless, Plaintiffs' 30(b)(6) depositions to identify how data is maintained and to determine what hardware and software is necessary to access the information are preliminary depositions necessary to proceed with merits discovery.

The Court finds no reason to require that the parties arrange to exchange this computer information simultaneously, nor any reason to impose deposition procedures at this time. Plaintiffs shall notice their 30(b)(6) depositions for three separate days during one week in sufficient time to proceed with discovery on the merits. Costs shall not be awarded.

Accordingly, Defendants' Motion for a Protective Order and for Entry of Deposition Procedures Order (Doc. No. 195) is **DENIED.**

**DONE AND ORDERED.**

### EXHIBIT A

*CONFIDENTIALITY AGREEMENT*

WHEREAS, the parties to the above-captioned litigation recognize the legitimate interests of all parties and non-parties to limit access to certain information and documents that will be exchanged during discovery and to prevent unnecessary disclosure of such data, and

WHEREAS, the parties wish to avoid duplicative and conflicting protective orders and confidentiality agreements to expedite the production of responsive discovery;

THEREFORE, the parties agree to abide by the following terms and conditions to protect the documents and other forms of information that are produced or discovered in the above-captioned cases:

---

2. The Court limits its ruling strictly to the issues presented by Plaintiffs' Motion to Compel (Doc. No. 181) and Liquid Air's Motion to Condition Discovery (Doc. No. 188). If Plaintiffs desire the protection of confidentiality, they should apply to the Court.

3. The "Modified Agreement" consists of the provisions of Exhibit A attached, as modified by the Court's Order of June 24, 1993.

EXHIBIT A—Continued

1. The documents and information produced in this case shall be used only for the purpose of prosecution or defense of this case.

2. Any party or third-party may designate documents or other information it produces as CONFIDENTIAL. It is presumed that produced material that is a matter of public record will not be designated as CONFIDENTIAL and that all parties and non-parties will make such a designation only with respect to produced material which that party or non-party reasonably and in good faith believes is confidential and would not normally reveal to others or would cause others to maintain in confidence, such as private, proprietary, commercially valuable and/or competitively sensitive information.

3. All documents and similar "hard copy" materials designated CONFIDENTIAL shall be so marked prior to production. The pages of all deposition testimony regarding documents so marked will be treated as CONFIDENTIAL and any other testimony that the witness or counsel for witness designates as CONFIDENTIAL shall be so marked at the top of each page.

4. All documents and materials marked CONFIDENTIAL shall be shown only to those individuals to whom such information is necessary to prosecute or defend the case.

5. Each person to whom CONFIDENTIAL information is revealed will be provided with a copy of this agreement, will sign it and will be advised by the revealing counsel of the restrictions placed on CONFIDENTIAL information by this agreement. Further, counsel shall advise each person that CONFIDENTIAL information cannot be used for unfair business advantage.