**Charles R. McCARTHY, Jr.,
and Connell Medley**

v.

**PAINE WEBBER GROUP, INC.,
Painewebber Incorporated,
and Malcom Corp.**

**Civil No. 3:92–cv–301 (WWE).**

United States District Court,
D. Connecticut.

Dec. 27, 1995.

Arroyo, and Carlos Delgado–Arroyo are, respectively, his father, grandmother, aunt, and two uncles.

Richard A. Bieder, Richard A. Fuchs, Elizabeth Koskoff, Koskoff, Koskoff & Bieder, P.C., Bridgeport, CT, Herbert E. Milstein, Andrew N. Friedman, Theresa Crumpler Anzaldua, Cohen, Milstein, Hausfeld & Toll, Washington, DC, and Arthur M. Schwartzstein, Washington, DC, for plaintiffs.

John R. Snyder, Bingham, Dana & Gould, Boston, MA, Carol A. Fantozzi, James Scott Rollins, Bingham, Dana & Gould, Hartford, CT, and William J. Wenzel, Pullman & Comley, Bridgeport, CT, for defendants.

### RULING ON MOTIONS

EGINTON, Senior District Judge.

This is a class action brought by a class of limited partners in Whitemont Associates Limited Partnership (the "Class"). The Class was certified by this Court in a ruling dated March 28, 1995. Pending before the Court are cross motions requesting approval of proposed class certification notices and defendants' motion for leave to propound a questionnaire to potential class members. Plaintiffs filed a memorandum in opposition to defendants' motions to which defendants replied. For the following reasons, defendants' motions will be denied, and plaintiffs'

motion will be denied in part and granted in part.

*Class Definition*

■ The first issue concerns the identity of the persons to whom the Class Certification Notice (the "Notice") should be addressed. Plaintiffs argue that the Notice should describe the Class as certified by the Court and should read:

> TO: ALL PERSONS WHO OWNED LIMITED PARTNERSHIP INTERESTS IN WHITEMONT ASSOCIATES LIMITED PARTNERSHIP

The Class as certified is comprised of

All Limited Partners of Whitemont Associates Limited Partnership, but excluding from the class defendants of this action, persons who served as general partners or officers of Whitemont Associates Limited Partnership from September 10, 1994 to June 15, 1989, members of the immediate family of each individual defendant, any entity in which a defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any excluded party.

Defendants contend that the caption should reflect the definition of the Class as found in the Complaint and should read

> TO: ALL PERSONS WHO PURCHASED LIMITED PARTNERSHIP INTERESTS IN WHITEMONT ASSOCIATES LIMITED PARTNERSHIP BETWEEN SEPTEMBER 10, 1984 AND JUNE 15, 1989

The Complaint states:

All counts in this Complaint are brought as class claims on behalf of all persons who purchased Units in the Partnership, between September 10, 1984 and June 15, 1989 (the "Class Period").

Defendants also seek to have the following sentence added to paragraph 10 of the Notice:

If you purchased Whitemont limited partnership units between September 10, 1984 and June 15, 1989, you will be deemed to be a member of the Class unless you request to be excluded.

Plaintiffs' comparable sentence reads:

If you owned Whitemont limited partnership units, you will be deemed to be a member of the Class unless you request to be excluded.

■ As both the address and paragraph 10 should reflect the Class as it was certified, plaintiffs' motion will be granted and defendants' denied as to this issue. The Class as certified is the class that was requested in plaintiffs' Motion for Class Certification that was the subject of several memoranda of law by both plaintiffs and defendants. Contrary to defendants' assertion, the Court is not bound by the class definition proposed in the complaint. *Robidoux v. Celani,* 987 F.2d 931, 937 (2d Cir.1993).

Defendants basically move to recertify the class. They argue that, as reliance on alleged misrepresentations is a required element of plaintiffs' claims, those people who did not purchase units within a certain time period cannot be class members. Although a class may be redefined and/or subdivided should it become necessary as litigation progresses, Fed.R.Civ.P. 23(d), defendants have failed to provide a good reason to revisit the issue.

■ This is not the first time in the course of this action that defendants have argued that class certification is hampered by the issue of reliance. In response to plaintiffs' Motion for Class Certification, they argued that the actual number of investors could be much smaller than that estimated by plaintiffs because of the lack of reliance. In its ruling on that motion, the Court found and continues to find that the issue of injury caused by reliance goes to the merits of the claims and as such should not be considered when certifying a class. A court determining class certification does not have the authority to "conduct a preliminary inquiry into the merits of a suit." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974).

*Costs of Litigation*

The second issue concerns statements regarding liability for the costs of litigation.

Defendants wish to include a statement in the Notice as follows:

> If you remain in the Class, you will be responsible for your *pro rata* share of the costs of the litigation (not including plaintiffs' counsel's fees).

Plaintiffs urge that the following be included:

> If you remain in the Class, you will not have to pay any of the costs of the litigation.

Both proposed statements are followed by essentially the same material. For the following reasons, neither proposed statement shall be included in the Notice.

■ A class certification notice should advise the class members of their rights and obligations if they elect to remain class members. For example, they should be advised that if they remain in the class, they will be included in any judgment, favorable or not. Fed.R.Civ.P. 23(c)(2)(B). However, inclusion of any specific notice must be balanced against the possibility that it may operate as a disincentive to join the class. This is especially true where the issue is unsettled. 2 *Newberg on Class Actions* § 8.31 (3d ed. 1992).

■ In this case, the Notice will not include any categorical statements of liability for the costs of litigation due to the fact that the issue of responsibility for costs has not been determined. The Notice shall include a paragraph with the material found in both plaintiffs' and defendants' versions minus the first sentence in each, as follows:

> If a recovery is obtained on behalf of the Class, a portion of the recovery may be used to cover the necessary and reasonable costs of this action, including such counsel fees as may be approved by the Court. If there is a recovery, you will be required to establish your membership in the Class and the amount of damages, if any, in such manner as the Court may direct.

### Possible Tax Consequences

■ The third issue is whether the Notice should contain information regarding possible tax consequences of remaining in the Class. Defendants wish to include a statement as follows:

> If you remain in the Class and do not exclude yourself, you will be deemed to have adopted the allegations in the Complaint, including the allegation that the purported seller of the hotels to Whitemont arguably never relinquished ownership to the hotels. The IRS or state tax authorities could take the position that such adoption of such allegations would affect the validity of deductions and/or credits pertaining to Whitemont you have claimed on your federal or state income tax returns.

Plaintiffs argue against the inclusion of any statement of possible tax consequences. For the following reasons, defendants' request is denied.

First, defendants have not cited to nor has independent research revealed any authority for the proposition that class members who do not opt-out are automatically deemed to have adopted the allegations in the Complaint. Second, even if that statement is accurate, a warning of *possible* tax consequences flowing from class membership is too nebulous and prejudicial to include in the Notice. The cases cited by defendants in support of their request are not persuasive. The court in one case required that class members be informed about the existence of related tax cases that were pending. *Roberts v. Heim*, 130 F.R.D. 416, 422 (N.D.Cal. 1988). The court in the other ordered that the Notice include some information of the tax consequences of class membership in a case that involved tax loss claims. *Hudson v. Capital Mgmt. Int'l Inc.*, No. C–81–1737–MHP, 1984 WL 2129 (N.D.Cal. Mar. 7, 1984).

### Inclusion of Interrogatories

Defendants move to include with the Notice a questionnaire to be answered under oath. It consists of eleven subdivided questions and includes the following warning:

> Your failure to return the completed and signed form may be grounds to dismiss your claim as a member of the Whitemont Class. If, however, you elect not to participate in this litigation as a member of the Whitemont Class, as discussed more fully

in the accompanying Notice, you need not complete and return this form.

Plaintiffs oppose inclusion of the questionnaire. For the following reasons, defendants' motion will be denied.

 Discovery of absent class members, while not forbidden, is rarely permitted due to the facts that absent class members are not "parties" to the action, and that to permit extensive discovery would defeat the purpose of class actions which is to prevent massive joinder of small claims. *Manual for Complex Litigation* § 30.232 (3rd ed. 1995); *Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534 (N.D.Ga.1972). Discovery is only permitted where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class. *Dellums v. Powell*, 566 F.2d 167, 187 (D.C.Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004–06 (7th Cir.1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972).

In this case, the questionnaire runs afoul of the first requirement. Defendants' proposed questionnaire is primarily a "proof of claim" form. It asks detailed questions about the class member's reliance on the Whitemont Associates Limited Partnership Confidential Memorandum and on other documents. To require class members to complete and return the questionnaire on the condition that failure to do so would result in the member's dismissal from the Class has the effect of requiring the class member to opt into the Class. This is especially true where, as here, the questionnaire accompanies the Notice during the initial stages of litigation. Dismissal of an absent class member's claims as sanctions for failure to answer a questionnaire is contrary to the opt-out policy of Rule 23. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1555–56 (11th Cir. 1986); *Enterprise Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327–28 (S.D.N.Y. 1980); *Manual for Complex Litigation* § 30.232 (3rd ed. 1995).

As the effect of this questionnaire is so clearly contrary to the opt-out policies of Fed.R.Civ.P. 23, the Court will not reach the issues of whether the questions are directly relevant to common questions and unavailable from the representative parties, or whether they will be necessary at trial of issues common to the class.

### Conclusion

For the foregoing reasons, defendants' motions for Class Notice and for Leave to Propound Questionnaire to Class Members [163] are denied and plaintiffs' motion to Approve Form of Class Notice [165] is denied in part and granted in part. The parties shall submit a proposed Order Directing Class Notice, and a Class Certification Notice with an attached form for requesting exclusion from the Class to this Court within 30 days from the date of this ruling.