**Hugh COLLINS, et al., Plaintiffs,**

v.

**INTERNATIONAL DAIRY QUEEN, et al., Defendants.**

**No. 5:94–CV–95–4–MAC(WDO).**

United States District Court, M.D. Georgia, Macon Division.

Dec. 22, 1999.

---

William Camp Harris, John Elvis James, Lisa Neill–Beckmann, Macon, GA, Diane Green Smith, Lee Abrams, Lisa Ann Dunsky, Chicago, IL, for plaintiffs.

Emmet J. Bondurant, II, Atlanta, GA, Benjamin M. Garland, F. Kennedy Hall, Macon, GA, William L. Killion, Quentin R. Wittrock, Minneapolis, MN, for defendants.

### *ORDER*

OWENS, District Judge.

Before the Court in this class action lawsuit is defendants' request for discovery from absent class members under FED.R.CIV.P. Rules 30, 31, 33, and 34. The absent class members from whom discovery is sought are approximately 3,000 Dairy Queen franchisees. Defendants assert that the discovery they request is directly relevant to the issues in this case and will enable them to prove defenses they may have against some or all of the class members. Defendants hope to show from such discovery: (1) that individual class members do not have standing to sue or to participate as a member of the alleged class, (2) that, with respect to plaintiffs' antitrust tying allegations, Dairy Queen franchisees were not coerced to buy from IDQ-authorized warehouses but did so voluntarily for business reasons; and (3) that individual Dairy Queen businesses have not been adversely impacted by the actions of the defendants and thus suffered no net economic loss. Defendants also seek discovery on plaintiffs' contract claims. They intend to use the evidence thereby—which they claim is not available to defendants from any other source than from the individual franchisees themselves—to rebut plaintiffs' allegations of class-wide injury, violation, impact, breach, and damages.

■ Generally speaking, "an absent class-action plaintiff is not required to do anything," *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 810 & n. 2, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *see Wainwright v. Kraftco Corp.,* 54 F.R.D. 532 (N.D.Ga. 1972)("the usefulness of Rule 23 would end if class members could be subjected to Rule 33 and forced to spend time, and perhaps engage legal counsel, to answer detailed interrogatories"). Plaintiffs rely on *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546 (11th Cir.1986), for the proposition that discovery of absent class members is rarely approved in the Eleventh Circuit. In that case the Court disapproved the dismissal by the district court of the claims of seventy class members who failed to answer seven pages of interrogatories, finding that:

a discovery order threatening dismissal for non-compliance amounts to no more than an affirmative "opt-in" device—that is, it requires passive class members to take positive action to stay in the suit. The Advisory Committee specifically rejected the practice of forcing absent class members to opt into a Rule 23 class action to secure its benefits.

*Id.* at 1557. The *Cox* Court declined to follow *Brennan v. Midwestern United Life Insurance Co.,* 450 F.2d 999, 1004 (7th Cir. 1971), in which the Seventh Circuit upheld the availability of Rule 37 sanctions to require absent class members to submit to discovery. The Court noted that *Brennan* has been narrowed by other rulings, includ-

ing *Clark v. Universal Builders,* 501 F.2d 324 (7th Cir.1974), in which the Seventh Circuit utilized the following four relevant questions in determining that defendants had not demonstrated an entitlement to discovery:

(1) Whether the discovery is a tactic to take undue advantage of the class members or to reduce the size of the class;

(2) Whether the discovery is necessary;

(3) Whether the respondent would require the assistance of technical or legal advice to understand the questions and to respond to them; and

(4) Whether the requesting party sought information on matters that were already known.[1]

*Cox,* 784 F.2d at 1556, quoting *Clark,* 501 F.2d at 340–41 & n.24.

Using the *Clark* balancing test or similar ones, courts in many instances have permitted discovery where the need for it is apparent. In *Schwartz v. Celestial Seasonings,* 185 F.R.D. 313 (D.Col.1999), after noting that discovery of absent class members is neither prohibited nor sanctioned explicitly by the Federal Rules of Civil Procedure, the court used a balancing test in allowing discovery of absent class members in the form of a questionnaire proposed by the defendants. *Id.* at 316. Defendants herein cite numerous other cases in which courts have permitted discovery of absent class members. *See, e.g., Transamerican Refining Corp. v. Dravo Corp.,* 139 F.R.D. 619 (S.D.Tex.1991)(finding that sought discovery was limited to common issues at trial); *In re Airline Ticket Comm'n Antitrust Litigation,* 918 F.Supp. 283 (D.Minn.1996); *Krueger v. New York Telephone Co.,* 163 F.R.D. 446, 451 (S.D.N.Y. 1995). In cases where discovery has been allowed, courts have sometimes placed limitations on the discovery in order to avoid placing undue burdens on the absent class members. *See, e.g., Transamerican,* 139 F.R.D.

at 622 (limiting discovery to 50 of 6,000 absent class members).

Plaintiffs rely on cases in which discovery has been denied, such *Baldwin & Flynn v. National Safety Assoc.,* 149 F.R.D. 598, 601 (N.D.Cal.1993); *In re Carbon Dioxide Indus. Antitrust Litigation,* 155 F.R.D. 209, 212 (M.D.Fla.1993); *Wainwright,* 54 F.R.D. at 533 (N.D.Ga.1972); and *Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 (W.D.Ky.1971). These cases are distinguished by defendants as being factually dissimilar to the instant case. Because the cases cited by the parties herein do not address the exact issues in the present case, the court will consider the balancing test referred to above to determine whether defendants are entitled to the discovery they have requested.

### Necessity of discovery

Defendants state that they require discovery from individual class members on the issues of net economic loss relative to plaintiffs' antitrust tying claims, coercion, and breach of contract. They seek discovery from individual class members in order to compute damages on the question of whether each class member suffered net economic loss based on the combined value of the franchise and the allegedly tied products. Plaintiffs have previously indicated that they intend to attempt to establish the value of Dairy Queen franchises on a class-wide basis by the use of expert witness testimony. They also intend to prove the value and amount of overcharges on tied products, and the extent to which class members have been damaged, by the use of expert testimony focusing on defendants' conduct. Plaintiffs have previously offered, in their Memorandum in Opposition to Defendants' Motion to Decertify the Class, two ways of attempting to present this proof. Because the proof of net economic loss through the use of expert testimony focuses on defendants' conduct and its effect on the franchisees as a whole, there is no necessity at the present time to obtain discovery from individual class members.

---

1. Another court has stated that discovery should not be permitted unless the information: (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class. *McCarthy v. Paine Webber Group,* 164 F.R.D. 309, 313 (D.Conn.1995), citing *Dellums v. Powell,* 566 F.2d 167, 187 (D.C.Cir.1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978).

Defendants also seek to prove by the requested discovery that members of the class were not coerced into purchasing food and supplies from defendants. Proof of the element of coercion does not necessarily require individualized proof from absent class members. Coercion may be established by evidence that the "circumstances surrounding the transaction as a practical matter forced the buyer into purchasing the tied product." *Tic–X–Press v. Omni Promotions Co.,* 815 F.2d 1407, 1418 (11th Cir.1987). Plaintiffs have indicated that they intend to prove coercion through evidence that focuses on defendants' conduct and is common to all class members. Obtaining proof of specific circumstances that led each class member to buy defendants' products is not relevant to the theory of coercion that plaintiffs will attempt to prove. *See McCarthy v. Paine Webber Group,* 164 F.R.D. 309, 313 (D.Conn.1995)(requested discovery must be directly relevant to common questions).

As for the contractual issues, defendants seek information concerning the local use of sales promotion/advertising fees paid by franchisees according to their contracts and concerning each franchisee's requests to have alternate suppliers and products. The court agrees with plaintiffs' statement that evidence of requests for approval of alternative suppliers does not involve individualized proof because those requests were made uniformly on behalf of all franchisees, and because defendants have a uniform method of approving such requests so that approval of a supplier as a source of products for one franchisee is approval for all franchisees. There being no need for individual franchisees to submit additional requests for approval of suppliers that have previously been rejected, individualized proof of absent franchisees' requests for approval of alternate suppliers and products would be of little value. The necessity of individualized discovery from absent class members on this issue has not been demonstrated.

### Technical or legal advice

The very nature and complexity of this case suggests that if discovery were allowed the questions posed to the class members would be complicated enough to require the assistance of an accountant or an attorney. Having to obtain professional assistance would be unduly burdensome to the absent class members. This factor also mitigates against allowing discovery.

### Matters already known to defendants

To the extent that the requested discovery seeks information having to do with defendants' own actions which led to plaintiffs' allegations in this lawsuit, such information is undeniably already known to defendants. The named plaintiffs have responded to extensive discovery from defendants, although they have not provided some of the information defendants seek as to the absent class members. Consequently, much of the information defendants seek as to each absent class member's actions and motivations are not known to them. Although this factor appears to be more in favor of discovery than against it, a more appropriate question under these circumstances is whether the information sought is sufficiently relevant to common questions in this lawsuit. The information sought as to class members' business practices and motivations deal with individual questions more than classwide issues. Thus, the fact the information requested may not be known by defendants is not a sufficient reason to require discovery.

### Tactical nature of discovery request

Defendants assert that their discovery requests are not designed to take undue advantage of the class members but are necessary to properly defend themselves and to assess damages. It is acknowledged that conducting discovery of all absent class members would impose a large burden. Therefore, defendants suggest that the court approve limited discovery or a sampling of class members. The court is not persuaded under the facts of the present case that discovery of even a limited number of absent class members is necessary at this time or that the information that would be produced from such limited discovery would be relevant to issues common to the class. Thus, the court declines at the present time to fashion a plan for sampling the absent class members to obtain the information sought by defendants.

### Due process concerns

Defendants assert, citing *Western Electric Co. v. Stern*, 544 F.2d 1196, 1199 (3rd Cir. 1976), that not to allow individual discovery of the facts peculiar to each claimant would violate defendants' substantive and procedural rights to defend themselves against these claims. However, *Stern* did not address the necessity of requiring discovery from absent class members in every instance. Rather, the court in that case granted a writ of mandamus to compel the district court to allow the defendants to conduct discovery from the named plaintiffs. Defendants have not succeeded in showing that due process concerns entitles them to conduct discovery from absent class members, at least not until such time as the question of their liability in this case has been resolved.

This court's decision to disallow discovery from absent class members should not be read as a reluctance to protect defendants' right to conduct a thorough and adequate defense in this case. The court will reconsider whether discovery of individual class members is warranted at such time as defendants' liability under various theories of this lawsuit may be established.

For the reasons stated hereinabove, defendants' motion for discovery of absent class members is **DENIED.**