See also 5 Cir., 433 F.2d 117.

Loretta C. FISCHER et al., Plaintiffs,

v.

Rick WOLFINBARGER et al., Defendants.

Robert E. L. GARNER et al., Plaintiffs,

v.

B. J. WITHROW et al., Defendants.

Nos. 5911, 5919.

United States District Court, W. D. Kentucky, at Louisville.

Oct. 5, 1971.

J. Vernon Patrick, Jr., Berkowitz, Lefkovits & Patrick, Marvin Cherner, Birmingham, Ala., for plaintiffs Robert L. Garner, A. L. Garner, Katie S. Garner on behalf of themselves and all other persons other than the defendants who purchased after, to wit, March 1, 1960, any shares of common stock issued by Insurance Investors Trust Co.

William C. Boone, Jr., Greenebaum, Grissom, Doll, Matthews & Boone, Louisville, Ky., for plaintiffs Loretta C. Fischer, Donald Chatham, Sarah Beth Chatham, Willis P. McKee, and Mary McKee.

Stuart A. Handmaker, John E. Boyce, Handmaker, Weber & Mayer, Louisville, Ky., R. Anthony Zeiger, Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for George Dudley, Receiver.

William A. MacKenzie, Ewen, MacKenzie & Peden, Louisville, Ky., for defendants John K. Skaggs, Jr. and Franklin P. Hays.

Joseph E. Stopher, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., for defendant Franklin P. Hays, Individually.

Clyde L. Breland, Jr., Louisville, Ky., for defendant Ollie Howell.

J. Leonard Walker, Louisville, Ky., for defendant Rick Wolfinbarger.

Dale Burchett, Glasgow, Ky., for defendant G. M. Wagner.

Robert P. Hastings, Hardy, Logan & Hastings, Louisville, Ky,, for defendants Hiram D. Snowden, Merritt Marine and Bobby Withrow.

Carl K. Helman, Louisville, Ky., for defendant Ollie Windhorst, Jr.

Marshall Eldred, Jr., Eli Brown, III, Edward Bonnie, Brown, Eldred & Bonnie, Louisville, Ky., for defendants Carmen McNeil, A. Scott Johnson.

Thorp Wolford, Louisville, Ky., for defendant Morley H. Ringer.

Gerald Kirven, Louisville, Ky., for defendant James E. Fahey.

Kent McElwain, Boyce F. Martin, Jr., Stites & McElwain, Louisville, Ky., C. Ives Waldo, Jr., Edward W. Rothe, Hopkins, Sutter, Owen, Mulroy & Davis,

Chicago, Ill., for defendants Wolf & Co. and W. K. Ellis.

J. Montjoy Trimble, John Burrus, Lexington, Ky., for defendants Central Bank & Trust Co. and A. D. Smith.

Henry V. B. Denzer, William P. Hurley, Jr., Hogan, Taylor Denzer & Bennett, Louisville, Ky., for Estate of George D. Stanley, Mrs. George D. Stanley and Carlisle Jennings.

Stuart E. Lampe, Wyatt, Grafton & Sloss, Louisville, Ky., for defendants Frank G. Gilliam and B. L. Kessinger, Jr.

C. W. Grafton, Spencer E. Harper, Jr., Grafton, Ferguson, Fleischer & Harper, Louisville, Ky., for M. Borowitz, W. L. Martin, R. Higgins, H. Crafton, C. McCabe, C. Ratterman, R. Townes and R. Reynolds.

William Kiel, Mayer, Cooper & Kiel, Louisville, Ky, for defendant Morris Borowitz, Individually.

Joseph B. Helm, Marshall, Cochrane, Heyburn & Wells, Louisville, Ky., Henry Hancock, Farris & Hancock, Memphis, Tenn., for defendant William M. Farris.

Thomas W. Bullitt, Tarrant, Combs, Blackwell & Bullitt, Louisville, Ky., for Peat, Marwick & Mitchell & Co., William A. Black, C. R. Escott and Charles Steineger, Jr.

Herbert R. Shuff, pro se.

Merritt Marine, pro se.

## CORRECTED OPINION

JAMES F. GORDON, Chief Judge.

This is a class action, brought by purchasers of stock of Insurance Investors Trust Company and its affiliates against certain officers and directors of Insurance Investors Trust Company, an accounting firm which certified a financial statement appearing in a prospectus, and a law firm which rendered an opinion with respect to the same prospectus, and permitted its name to be therein.

One of the officer-director defendants, who also acted as attorney for Insurance Investors and permitted his name to be used in certain prospectuses used to offer securities of Insurance Investors, has moved for an order requiring each of more than three thousand (3,000) claimants who have filed proofs of claim, in accordance with this Court's order herein, to answer certain interrogatories. For the reasons herein given, the Court is of the opinion that said defendant's motion should be denied.

Proposed Interrogatories No. 1 and 2 seek information already elicited of members of the class by the proofs of claim forms heretofore mailed out to each member of the class pursuant to this Court's June 10, 1971 order.

Each of the remaining interrogatories seeks to elicit information from each of the members of the class with respect to the persons from whom the securities were purchased, the nature of representations made in connection with the purchase, printed information read in connection with the purchase, whether the purchaser "relied" upon any of these representations, whether any member of the class had any discussion with or communicated at any time during the six-year period with any of the defendants, the nature of each such communication or discussion, and the nature of any event or act or representation which induced the class member to sell or not to sell any of the securities which are the subject matter of this litigation.

The defendant argues that the proposed interrogatories to class members are appropriate in light of the decision of the United States Court of Appeals for the Seventh Circuit in Brennan v. Midwestern United Life Insurance Co. on the Appeal of Claude M. Herriman, et al., 450 F.2d 999 (7th Cir. 1971). He argues further that he should be permitted to engage in discovery of the class with respect to issues of "reliance" because the complaint in this action includes a common law fraud and deceit

count, as well as counts seeking rescission or damages under the Investment Company Act of 1940, the Securities Exchange Act of 1934 and the Securities Act of 1933.

 Rule 23(c) (4) (A) specifically provides that "an action may be brought or maintained as a class action with respect to particular issues." The Court is of the opinion that it is not necessary for the plaintiffs to establish "reliance" in order to recover under the counts of the complaint based upon the Investment Company Act of 1940, SEC Rule 10b–5 and the Securities Exchange Act of 1934, or the Securities Act of 1933. See, e. g., Ellis v. Carter, 291 F. 2d 270 at 272–274 (9th Cir. 1961); Royal Air Properties, Inc. v. Smith, 312 F. 2d 210 at 212 (9th Cir. 1962); Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir. 1970), cert. denied, Glen Alden Corp. v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968), cert. denied, 394 U. S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969). Accordingly, the Court is of the opinion that these consolidated actions may properly be maintained and tried as a class action with respect to the counts of the complaint based upon the 1940, 1934 and 1933 Acts.

 The Court is clear to the view that discovery proceedings, such as the proposed interrogatories, are improper, directed as they are to members of the class who are not named plaintiffs. The class action is designed for the situation, as Rule 23(a) (1) specifically contemplates, where "the class is so numerous that joinder of all members is impracticable." It is designed to provide a fair and efficient procedure for handling claims where the claims or defenses of the represented parties are typical of the claims or defenses of the class, where there are questions of law or fact common to the class, and where it is fair to conclude that the representative parties will fairly and adequately protect the interests of the class. It is not in-tended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail.

This Court agrees with the point of view expressed by the United States Supreme Court in Mills v. Electric Auto-Lite Co., that "reliance by thousands of individuals (as here) would . . . not be feasible." 396 U.S. 375 at 383, 90 S. Ct. 616 at 620, 24 L.Ed.2d 593 n. 5 (1970).

In the light of the foregoing, it is the view of the Court that interrogatories addressed to members of the class should not be permitted. In the event the plaintiffs insist upon going to the jury on their "common law fraud and deceit" count, it would appear appropriate to do one of the following:

(1) Instruct the jury that they must find that plaintiffs, as typical members of the class, have established as to their purchase that they are entitled to recover, under traditional common law fraud and deceit tests, and that the class is, therefore, entitled to recover, based upon common law fraud and deceit, based on the finding that it is fair for the rights of the class to be governed by the findings of the jury with respect to the named plaintiffs; or

(2) Permit the jury to enter judgment, as to the count based on common law fraud and deceit, only as to the named plaintiffs, and require members of the class to prove their entitlement to recover, based upon common law fraud and deceit, in later proceedings, contemplating the possible use of a special master. See Berland v. Mack, 48 F.R.D. 121 (S.D.N.Y.1969).

If the jury finds that plaintiffs, as typical members of the class, have established their right under traditional common law fraud and deceit tests, then I intend to instruct the jury to render a verdict for the class, based upon the plaintiffs' common law fraud and deceit count. The rights of the class with re-

spect to this count will be governed by the findings of the jury with respect to the named plaintiffs.

It is the opinion of the Court that the foregoing more nearly comports with the letter and spirit of Rule 23 than the discovery procedures advocated by the defendant Gilliam.

The majority decision of the Court of Appeals for the Seventh Circuit in Brennan v. Midwestern United Life Insurance Company, on the Appeal of Claude M. Herriman, et al., supra, is not controlling. In that case, counsel for plaintiffs joined in defendants' request for limited discovery to be had of members of the class. Here, such discovery is vigorously opposed by counsel for plaintiffs, and there is no showing of any special necessity for such discovery.

The previous opinion in this matter under date of the 30th day of September, 1971, is hereby withdrawn and this opinion is substituted therefor.