STATE of Missouri ex rel., Julius KIRK-SEY and William Sessoms, Relators,

v.

The Honorable William A. GEARY, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 41947.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 13, 1980.

Bell, Harris, Kirksey & Thomas, Charles E. Kirksey, St. Louis, for relators.

Love, Lacks, McMahon & Schwarz, Daniel P. Card, II, Clayton, for respondent.

CRIST, Judge.

On August 9, 1979, relators filed a petition for a writ of prohibition in which they sought relief from a circuit court order issued that same day. This court granted a preliminary writ of prohibition on August 29, 1979, which we now make absolute. The facts which gave rise to this writ were as follows:

Relators Julius Kirksey and William Sessoms (hereinafter "Class Representatives") filed a class action suit to enjoin the National Benevolent Association of the Christian Church, Disciples of Christ (hereinafter "Church"), from constructing a home for handicapped and abused children at 3017–19 Euclid, St. Louis, Missouri. Their petition alleged that construction of the proposed home so threatened the peace, tranquility, and beauty of the neighborhood as to result in diminished property values.

By order dated June 28, 1979, respondent judge (hereinafter "Circuit Judge") conditionally ordered the action to proceed as a class action; required Class Representatives to submit a list of the class members' names and addresses; ordered Class Representatives to notify the class members of the pendency of the action and the August 16, 1979 hearing date; provided that all class members be included in said action excepting for such members who affirmatively requested exclusion by July 30, 1979; and, stated that all class members had the option to be individually represented by a privately retained attorney.

In compliance with the trial court's order, Class Representatives filed with the court a list of forty-one (41) class members, although the record leaves unclear whether or not these forty-one (41) class members were actually notified. Thereafter, Church, by letter, notified the attorney for Class Representatives of its intent to depose all members of the class (including Class Representatives) said depositions to be conducted between July 23, 1979 and July 31, 1979.

Apparently, the class members received no additional notice save a subpoena duces tecum, issued at Church's behest, which directed each class member to appear for the above scheduled depositions. As of July 16, 1979, only eleven class members had been served with the subpoena and Class Representatives filed a motion to quash the sub-

poena and a motion for a protective order. After a hearing, the Circuit Judge denied both motions on July 20, 1979, but granted partial relief on matters not material to the issues herein presented.

On July 23, 1979, the scheduled depositions began, and although Class Representatives' attorney participated, the extent of his participation is not made clear from the record. The relevant, undenied facts cited in the return to the preliminary writ of prohibition (no reply was filed to the return) were, in effect, as follows:

(1) Class Representative Sessoms did not appear for his scheduled deposition on July 23, 1979 because he was not notified to appear by his lawyer.

(2) On July 24, 1979, a member of the class failed to appear. No explanation was offered. Another member of the class appeared one hour and ten minutes late with the explanation he had not received a subpoena and had not been advised by his attorney to be present.

(3) On July 25, 1979, a member of the class was scheduled for her deposition at 9:00 o'clock a. m. She did not then appear. Class Representatives' lawyer advised that he was leaving and would return in approximately twenty minutes. At approximately 9:50 a. m. the member of the class appeared for her deposition. At approximately 10:30 a. m. Church made a record that Class Representatives' lawyer had not returned.

On July 30, 1979, Church filed its motion for sanctions and on August 8, 1979, Class Representatives filed their reply to the motion. Also on August 8, 1979, the Circuit Judge heard the matter and entered the following order:

Defendant, The National Benevolent Association motion sustained in part overruled in part:

Plaintiffs' depositions and members of the class heretofore scheduled are order[ed] to resume per the order previously scheduled in Notice to Take Depositions. Depositions will commence on August 10, 1979 at 9:00 o'clock commencing with Vivian Barnett and continue down the list in said notice at ½ hour intervals with lunch break from 12 to 1:30, the last deposition, at 4:30 thereafter on Monday, 13th until completed. Plaintiffs to produce said members of class. Plaintiffs order[ed] to pay N.B.A. $350.00 for costs incurred unnecessarily in discovery by Plaintiff.

Class Representatives filed a petition for a writ of prohibition in this court on August 9, 1979 (in which relief was sought from the order of August 8), and on August 29, 1979, our preliminary writ was issued.

Members of the class sought to be deposed were not adverse parties within the contemplation of Rule 57.03, at least as of the time Class Representatives' lawyer was served with notice of the impending depositions. Members of the class had until July 30, 1979, to exclude themselves and/or hire a privately retained attorney as per Circuit Judge's order. As the record does not admit of notice to class members as provided in the conditional order, they could not have been subject to oral deposition and discovery by virtue of notice served only upon Class Representatives' attorney. Thus, Circuit Judge's order of July 20, 1979, was premature, as it related to class members, and the order to continue the depositions (and for sanctions) upon notice served only upon Class Representatives' attorney, was improvident. Rule 61.01.

We decline consideration of whether notice to take oral depositions served solely upon Class Representatives' lawyer would have been sufficient had all class members been brought before the court in accordance with the "conditional" order. However, we suggest that the parties consider the propriety of serving each class member sought to be deposed with notice to take oral depositions (along with a subpoena) before they proceed further. See *Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999 (7th Cir. 1971), *cert. denied*, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972); *Fischer v. Wolfinbarger*, 15 Fed.R.Serv.2d 905 (W.D. Ky.1971); *Wainwright v. Kraftco Corp.*, 15 Fed.R.Serv.2d 1333 (N.D.Ga.1972); and 13 A.L.R.Fed. 255.

Our preliminary writ of prohibition is hereby made absolute.

DOWD, P. J., and REINHARD, J., concur.