**ON THE HOUSE SYNDICATION, INC.,**
**Carey Bros., Inc., Plaintiffs,**

v.

**FEDERAL EXPRESS CORPORATION**
**and Does 1–20, Defendants.**

**Civ. No. 99–CV–1336 B(JFS).**

United States District Court,
S.D. California.

July 9, 2001.

Ralph B. Kalfayan, Krause and Kalfayan, David B. Zlotnick, Law Offices of David B. Zlotnick, San Diego, CA, for plaintiffs.

Harry L. Carter, Steven J. Cologne, Higgs, Fletcher and Mack LLP, Michael T. Quinn, Vantage Law Group, San Diego, CA, Thomas F. Donaldson, Jr., Connie Lewis Lensing, Robert R. Ross, Jeff Kelsey, Federal Express Corp., Legal Department, Memphis, TN, Robert K. Spotswood, Law Offices of Robert K. Spotswood, Birmingham, AL, for defendants.

**ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND TO OBTAIN DISCOVERY FROM CLASS MEMBERS**

STIVEN, United States Magistrate Judge.

### I. INTRODUCTION

On June 8, 2001, Defendant Federal Express Corp. ("FedEx") submitted an ex parte application to reopen discovery and to obtain

discovery from absent class members. Plaintiffs filed a response on June 14, 2001.

## II. PROCEDURAL BACKGROUND

On June 25, 1999, Defendant timely removed this action from San Diego Superior Court pursuant to 28 U.S.C. § 1441. Subsequently, on June 30, 1999, Defendant filed its answer to Plaintiffs' complaint. On November 10, 1999, Plaintiffs filed a motion for class certification. Defendant filed a motion for summary judgment on December 22, 1999, and Plaintiffs filed a cross-motion for summary adjudication on January 21, 2000. On April 5, 2000, the Honorable Rudi M. Brewster, United States District Judge, issued an order granting in part and denying in part both parties' motions. Defendant's motion for reconsideration of the order was denied by Judge Brewster on June 28, 2000, but the matter was certified for interlocutory appeal. The Ninth Circuit denied the motion for appeal on September 18, 2000.

The first scheduling order for this case issued on September 20, 1999, setting the discovery cut-off date as April 29, 2000. An amended scheduling order issued on March 31, 2000 and continued the discovery cut-off date to July 28, 2000. The most recent amended scheduling order issued on October 23, 2000, continuing discovery cut-off to February 19, 2001. This order also sets the trial date as June 26, 2001.

On February 1, 2001, this Court issued an order denying, without prejudice, Defendant's motion to alter or amend the scheduling order, wherein Defendant had sought permission to conduct merit-based discovery following class certification regarding claims and defenses related to individual class members.

Subsequently, on February 12, 2001, Judge Brewster issued an order granting in part and denying in part Plaintiffs' motion to strike and for judicial estoppel and granting Plaintiff's motion to preclude counterclaims. Although the court granted Plaintiffs' Motion to Strike Professor Priest's testimony as an expert, it denied their Motion for Judicial Estoppel, by which Plaintiffs' had sought to estop Defendant from arguing that state law controls any issues in the case. The court stated that it was "not currently aware of any state law issues in this case," but would "consider applying state law when appropriate." (February 12 Order at 2). By the same order, Judge Brewster also granted Plaintiffs' Motion to Preclude Counterclaims, finding no precedent for allowing counterclaims in a class action.

On March 14, 2001, District Judge Brewster granted Plaintiff's motion for class certification, finding that the plaintiff class met the requirements of Rule 23(a) and (b)(3). At the same time, Judge Brewster also granted Defendant's ex parte application seeking consideration of its brief on state law variations, granted Defendant's ex parte application seeking to enter the Terry Simpson declaration into the record, and denying Defendant's motion for an evidentiary hearing.

## III. THE PARTIES' ARGUMENTS

### A. Defendant's Argument

Through the current ex parte application, Defendant seeks leave to reopen discovery so as to serve interrogatories on absent class members to determine the viability of certain defenses to and set-off rights against claims of individual class members. Defendant maintains that despite the class certification order indicating that common issues predominate, individual issues nevertheless remain that warrant discovery from the class members on their merits.

The Defendant contends that discovery is necessary to establish defenses arising under state law. For example, Defendant plans to rely on the doctrine of voluntary payment as a defense to Plaintiffs' claims and urges that discovery is necessary to determine which Plaintiffs may be excused from that doctrine either by duress or mistake of fact. Defendant also wishes to discover facts related to counterclaims Defendant might pursue against individual class members. Defendant believes that it will be entitled to set-off from certain class members with delinquent accounts, but needs to conduct further discovery to determine the identity of those members and any potential excuses they may have for nonpayment due to incorrect billing,

deficient billing, prior payment or bankruptcy. Even though the District Judge granted Plaintiffs' motion to preclude counterclaims, Defendant argues that discovery is appropriate because the Court stated that consideration of the counterclaims would be appropriate if the case settles.

Defendant also maintains that discovery is necessary because in order to obtain the benefit of FedEx's Money Back Guarantee, individual class members are required to have complied with the notice and claim provisions in their contracts with FedEx. An exception arises where a class member failed to file a claim under the impression that such a filing would have been futile, i.e. because FedEx had indicated that it would not honor the Money Back Guarantee. Class members who relied on the futility of exhaustion of the contractual remedy would be entitled to the benefit of the Money Back Guarantee, even though they did not comply with the notice and claim provisions within their FedEx contracts. Defendant contends that it must discover which class members relied on the futility of the claim provisions, because only those members could have a valid claim against Defendant.

Defendant also argues that the requested discovery would not be excessively burdensome and can be designed to elicit only those facts necessary to preserve Defendant's defenses and set-off rights. In support of this proposition, Defendant offered several sample interrogatories directed at four specific categories of inquiry: (1) "knowledge interrogatories" aimed at identifying those class members who believed that Defendant would not honor the Money Back Guarantee and who thus paid voluntarily despite that belief; (2) "Duress interrogatories" intended to ascertain whether class members may be excused from the voluntary payment doctrine because payments were made under duress; (3) "Reliance interrogatories" to determine whether class members failing to file claims for refund against Defendant did so in reliance on Defendant's announced suspension of the Money Back Guarantee; and (4) "Set-off interrogatories" aimed at determining against which class members Defendant holds set-off rights, and which of those members might have excuses from such set-offs. Because the interrogatories could be constructed with a narrow scope of inquiry, Defendant maintains that the additional discovery would "take only such 'advantage' of absent class members as might be had through the pursuit of FedEx's legitimate defenses." (Defendant's Application to Reopen Discovery at 15, *citing Collins v. International Dairy Queen*, 190 F.R.D. 629, 631 (M.D.Ga.1999)).

Finally, Defendant asserts that immediate discovery on these matters is more appropriate than waiting to address these concerns during the claims administration process, which normally follows a class action disposition favorable to Plaintiffs. Defendant argues that the claims administration process cannot substitute for a trial and the defenses must be addressed before the District Judge because they entail liability issues. While conceding that the set-offs are not based on disputed facts and therefore do not merit adjudication through a trial, Defendant advocates for immediate discovery of facts relating to set-off rights out of concern for efficiency.

### B. Plaintiffs' Response

Plaintiffs respond that Defendant's justifications for the application to reopen discovery are based on misinterpretations of Judge Brewster's prior rulings. Arguing that Defendant has no compelling reason to reopen discovery, Plaintiffs view Defendant's request to subject the class to thousands of interrogatories as a "plain and simple effort at harassment." (Plaintiffs' Response at 1–2).

First, Plaintiffs assert that the application to reopen discovery is based on a misinterpretation of Judge Brewster's prior orders. According to Plaintiffs, Judge Brewster has already determined that federal common law governs this dispute, that the individual class members need not prove individual reliance, and that counterclaims are inappropriate in this case. Thus, Plaintiffs' argument continues, Defendant's defenses arising under state law, such as voluntary payment, are not only inappropriate, but also irrelevant. Moreover, Plaintiffs assert that Defendant's set-

off rights can only be asserted through counterclaims, which have already been precluded in this case by Judge Brewster.

Plaintiffs also argue that Defendant has failed to demonstrate any factual issues justifying a need for discovery in this case. While Defendant asserts it needs to serve interrogatories on absent class members to identify those members who knew of FedEx's intention to not honor the Money Back Guarantee, Plaintiffs note that they have never disputed the fact that that information was widely disseminated and therefore, many, if not most, of the Plaintiff class in fact knew of Defendant's announcement to that effect. Plaintiffs state that they are willing to stipulate to this issue and that discovery is therefore unnecessary on this undisputed matter.

Next, Plaintiffs argue that the individual issues of reliance and knowledge are irrelevant, and are therefore issues upon which discovery would be unwarranted. Plaintiffs contend that in fact, Judge Brewster expressly held that "it is not necessary that each Plaintiff must prove individual knowledge and reliance." (Class Certification Order at 5). Plaintiffs also claim that Defendant has specifically identified no other bases upon which to assert the defense of voluntary payment. Rather, Plaintiffs view Defendant's attempt to reopen discovery on these issues as an improper challenge to Judge Brewster's prior decisions.

While not disputing that Defendant may have set-off rights against individual class members with delinquent accounts, Plaintiffs argue that these rights are best addressed through the claims administration process, particularly because such claims involve the application of state law and because Judge Brewster has precluded the assertion of counterclaims. Because Defendant cannot seek to enforce these set-off rights during the litigation, Defendant has failed to demonstrate the need for discovery on the underlying facts.

Plaintiffs contend that Defendant's proposed discovery is improper because the absent class members are not "parties" and therefore, the proposed discovery is also grossly burdensome and harassing. Plaintiffs note that Federal Rule of Civil Procedure 33 limits the use of interrogatories to "parties" and that absent class members are not usually "parties" for purposes of Rule 33. Even in the few cases where absent class members have been deemed "parties," Plaintiffs urge that those findings have been predicated upon a showing of substantial need for discovery. Plaintiffs claim that Defendant has failed to show a substantial need for information from these absent class members, largely in part because the information sought by Defendant is irrelevant, inappropriate, or undisputed. As a result, Plaintiffs argue that the proposed discovery "seems clearly calculated to harass class members and to deter them from participating in this matter." As Plaintiffs find no legitimate basis to justify the request for additional discovery, they view Defendant's request as a simple attempt at harassment.

## IV. DISCUSSION

### A. Discovery of Absent Class Members Is Not Permitted In Class Actions Except Upon a Showing of Unique Circumstances

As this Court noted in its February 1, 2001 Order Denying Defendant's Motion to Alter or Amend Scheduling Order, discovery of absent class members is ordinarily not permitted in class actions. *In re Worlds of Wonder Securities Litigation,* 1992 WL 330411 (N.D.Cal. July 9, 1992) ("Absent class members are not parties and separate discovery of individual class members not representatives is normally not permitted." *Id.* at *2 (citation omitted)). *See also Kline v. First Western Gov't Securities,* 1996 WL 122717 at *1 (E.D.Pa. Mar. 11, 1996) ("[U]pon a survey of cases, it is safe to state that discovery of absent class members is disfavored."). In commenting on the duties of class members, the Supreme Court has noted that, generally speaking, "an absent class-action plaintiff is not required to do anything." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 810, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).

Some courts have determined that absent class members are not "parties" and are therefore not subject to certain forms of

discovery, including interrogatories. *Kline,* 1996 WL 122717at *2. *See also, Fischer v. Wolfinbarger,* 55 F.R.D. 129, 132 ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule [allowing certification of the plaintiff class] would fail."); *Wainwright v. Kraftco Corp.,* 54 F.R.D. 532, 534 (N.D.Ga. 1972) ("Nothing in Rule 23 suggests that class members are deemed 'parties.'... Indeed, if class members were automatically deemed parties, all class actions would be converted into massive joinders. Such a result would emasculate Rule 23."). Thus, treating absent class members as "parties" for purposes of discovery would undermine one of the fundamental purposes of the rule allowing certification of the class.

Another, perhaps more compelling, reason for not subjecting absent class members to discovery is the fear that defendants will "use burdensome discovery requests as a method of unfairly reducing the number of class members." *Kline,* 1996 WL 122717at *2. In this regard, a defendant who subjects class members to interrogatories requires those members to take some affirmative action to remain in the class, effectively creating an "opt in" requirement which is inconsistent with the "opt out" provisions of Rule 23. *Id.* at *3. *See also,* Fed.R.Civ.P. 23(c)(2) ("In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice... [that] shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specified date..."). Thus, allowing defendants to subject absent class members to discovery may defeat the purpose of certifying the class in the first place.

Moreover, allowing wide-ranging discovery from absent class members would serve to undermine the very purpose of class action suits. "One of the principal advantages of class action over massive joinder or consolidation would be lost if class members were routinely subjected to discovery." Federal Judicial Center, *Manual for Complex Litigation* Sec. 30.232 (3d ed.1995). "Clearly, a primary purpose of Rule 23 is to allow a small claimant, who might otherwise be unable to assert a violation of rights, to have a vehicle for recovery. The prospect of responding to often complex and intimidating interrogatories provides a deterrent to class action participation which undermines this goal." Herbert B. Newberg and Alba Conte, *Newberg on Class Actions* Sec. 16.03 (3d ed.1992).

Nonetheless, in some instances, courts have allowed discovery of absent class members. For example, some courts have been willing to subject absent class members to discovery where the proponent sufficiently shows that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class; (2) the discovery is necessary; (3) responding to the discovery requests would not require the assistance of counsel or other technical advice; and (4) the discovery seeks information that is not already known by the proponent. *Collins v. International Dairy Queen,* 190 F.R.D. 629, 630–31 (M.D.Ga.1999), *citing Clark v. Universal Builders,* 501 F.2d 324 (7th Cir.1974). Other courts have allowed discovery of absent class members only "where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *McCarthy v. Paine Webber Group, Inc.,* 164 F.R.D. 309, 313 (D.Conn.1995) (citation omitted).

■ Here, it is clear that the above factors continue to weigh in favor of the Plaintiff class, particularly because Defendant has failed to show that the proposed discovery is necessary. The information sought has not been shown to be relevant to common questions nor to be necessary for the resolution at trial. Moreover, because Defendant seeks discovery on matters that have already been deemed irrelevant by the District Court, the proposed discovery appears to have the purpose and effect of harassment, particularly in light of the immense size of the Plaintiffs'

class and the efforts necessary to obtain discovery from the numerous absent members.

Defendant argues that discovery is necessary to determine whether individual class members "had reason to know" facts about Defendant's intention not to honor the Money Back Guarantee, thereby supporting Defendant's defense under the doctrine of voluntary payment.[1] (Defendant's Application at 9). Yet despite Defendant's attempt to differentiate this type of knowledge from actual knowledge of Defendant's suspension of the guarantee, this Court is persuaded that Defendant is now seeking discovery on an issue that Judge Brewster explicitly found to be not relevant to this case. In response to Defendant's earlier argument that individual class members who knew of the suspended guarantee are barred by the doctrine of voluntary payment, Judge Brewster held that "it is not necessary that each Plaintiff must prove individual knowledge and reliance." (Class Certification Order at 5). Because the District Court has held that individual knowledge or reliance need not be proved, Defendant's proposed discovery seeking this information is unnecessary and irrelevant.

By the same token, the discovery designed to determine which Plaintiffs would rely on the doctrine of futility in not filing a claim for refund in light of FedEx's announcement suspending the Money Back Guarantee is also irrelevant and unnecessary following Judge Brewster's rulings. In response to Defendant's argument that individual Plaintiffs did not file claims for refund as required by the contract, Judge Brewster noted, "[T]he Court agrees with Plaintiffs that the doctrine of futility applies and Plaintiffs were not required to exhaust their internal contractual remedies with Defendant as provided by contract." (Order Granting in Part Plaintiffs' Cross Motion for Summary Adjudication at 4, note 2, citing *Glover v. St. Louis–S.F.R. Co.*, 393 U.S. 324, 331, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969)). Further, as noted above, Judge Brewster found that proof of individualized reliance was not necessary. (Class Certification Order at 4–5).

Defendant presents the same arguments before this Court that have already been decided by Judge Brewster in his orders for summary adjudication and certifying the Plaintiff class. Thus, this Court is of the opinion that Defendant's motion constitutes an improper challenge to the decision of the District Judge. Defendant has failed to show that discovery on the issues of futility or knowledge relating to the defense of voluntary payment and reliance is necessary. Accordingly, this Court will not allow Defendant to subject absent class members to discovery on these irrelevant issues.

Similarly, in requesting discovery of facts relating to counterclaims for set-offs, Defendant again appears to improperly challenge the judgment of the District Judge. On February 12, 2001, Judge Brewster granted Plaintiff's Motion to Preclude Counterclaims against absent class members, finding that "[t]here is no precedent for allowing counterclaims in a class action such as this and the Court finds that counterclaims would be inappropriate here." (February 12 Order at 2). While the court noted that consideration of counterclaims may be included in the event of a negotiated settlement, this holding leaves no room for additional discovery on facts relating to counterclaims that may not be asserted during the course of this litigation. While Plaintiffs concede that Defendant may have set-off rights against individual class members with delinquent accounts, this Court is of the opinion that discovery on this matter is unnecessary and more appropriately handled through the claims administration process.

Furthermore, this Court believes that Defendant's request for discovery fails to pass the other standards set out to measure the propriety of class-wide discovery. Even interrogatory discovery to the members of this large class could have the effect of discouraging individual class members from participation. Absent class members could well need to retain counsel and, as to set-off claims, the information is already known to Defendant. For these reasons, reopening

---

1. Defendant argues that if individual class members had reason to know that Defendant intended to suspend the Money Back Guarantee, but paid anyway, then those members are barred from recovery by the state law doctrine of voluntary payment.

discovery to subject absent class members to interrogatories is clearly inappropriate.

### B. Issues Relating to Set–Off Rights Are Best Settled Through the Claims Administration Process

■ Even if Defendant has legitimate rights to set-off from individual class members with delinquent accounts, the Court maintains discretion to manage the remainder of the case in a manner that will be "conducive to expedition and economy." Fed.R.Civ.P. 42(b). As this Court noted in its order denying Defendant's motion to alter the scheduling order, the most appropriate time to gather any necessary information from individual class members is generally after a determination of liability and before payment of individual claims.

> Class members are sometimes called on to provide the court with information regarding their individual claims. This may be appropriate in connection with preparation for the second stage of a bifurcated trial ... or the determination of entitlement to individual relief under a judgment or settlement.... Class members should not, however, be required to submit proofs of claim as a condition of membership in the class, which would be equivalent to establishing an opt-in procedure.

Federal Judicial Center, *Manual for Complex Litigation* Sec. 30.232 (3d ed.1995)

As this Court observed in its previous order denying Defendant's motion to alter the scheduling order, other courts facing similar situations have viewed set-off claims against individual plaintiffs as appropriately adjudicated after a determination of liability. "[T]hese claims could be effectively presented when individual claims for damages are presented in the event of liability .... At that time, ... [Plaintiffs] would be permitted to present whatever defenses they may have to these non payment claims." *Aamco Automatic Transmissions, Inc. v. Tayloe*, 67 F.R.D. 440, 450 (E.D.Pa.1975).

The same reasons that supported the denial of Defendant's earlier motion to alter the scheduling order continue to hold true today.

> During the claims administration process that would follow a judgment in favor of Plaintiffs, a Special Master or Claims Administrator, working in conjunction with Defendant, might pose certain questions to class members so that Defendant may evaluate its rights to assert set-offs or available defenses. Since the Court retains jurisdiction over the claims administration process, it could permit discovery on a case by case basis or conduct hearings, if necessary, to resolve individual disputes.

(February 1 Order at 12).

Moreover, preserving the resolution of these issues until the claims administration would be the most cost effective solution.

> Certainly, pre-trial discovery proposed by Defendant would require more time and expense, especially because there would *still* be a need for the claims administration process. Conducting all the allowable fact gathering at the claims administration stage will still protect Defendant while allowing efficient resolution of the case.

*Id.*

Accordingly, allowing the proposed discovery at this stage of the case would be inappropriate, unnecessary, and excessively costly.

### V. CONCLUSION

By this motion, Defendant requests that the Court reopen discovery and authorize discovery to be obtained from absent class members. While the Court is mindful of Defendant's desire to discover facts supporting Defendant's rights to set-offs from class members with delinquent accounts, the Court cannot find support for the proposition that vast discovery of absent class members is appropriate in this case. The only issue continuing to have related undiscovered facts is Defendant's potential rights to set-off from individual class members. However, the Court continues to believe that they can be settled in ways superior to the procedure proposed by the Defendant.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's motion is ***DENIED.***