**Michael McPHAIL, et al., Plaintiffs,**

v.

**FIRST COMMAND FINANCIAL PLANNING, INC., et al., Defendants.**

**No. 05–CV–0179–IEG (JMA).**

United States District Court, S.D. California.

April 3, 2008.

Kyle Nordrehaug, Norman B. Blumenthal, Blumenthal and Markham, Daniel M. Carlson, Gary Mark Brewer, Brewer & Carlson LLP, La Jolla, CA, Mark K. Gray, Gray and White, Matthew L. White, Gray Weiss and White, Louisville, KY, Peter J. Schulz, Greco Traficante Schulz & Brick, San Diego, CA, Richard P. Rouco, Whatley Drake, Adam P. Plant, Whatley Drake & Kallas, LLC, Birmingham, AL, for Plaintiffs.

David A. Dodds, Noel M.B. Hensley, Haynes and Boone, Luis G. Zambrano, Weil Gotshal and Manges, Dallas, TX, David E. Keltner, Kelly Hart & Hallman LLP, Robert F. Watson, Law Snakard and Gambill, Fort Worth, TX, Matthew Steven Voss, William E. Grauer, Koji F. Fukumura, Mary Kathryn Kelley, Cooley Godward Kronish, San Diego, CA, for Defendants.

## ORDER DENYING DEFENDANTS' (1) MOTION FOR APPROVAL OF INTERROGATORY TO ABSENT CLASS MEMBERS AND MOTION TO COMPEL AND (2) SUPPLEMENTAL MOTION FOR APPROVAL OF DISCOVERY TO ABSENT CLASS MEMBERS AND MOTION TO COMPEL

### [Doc. Nos. 212, 222]

JAN M. ADLER, United States Magistrate Judge.

Presently before the Court are Defendants' Motion for Approval of Interrogatory to Absent Class Members and Motion to Compel [Doc. No. 212] and Supplemental Motion for Approval of Discovery to Absent Class Members and Motion to Compel [Doc. No. 222]. For the reasons set forth below, the Court **DENIES** both Defendants' motion and supplemental motion.

### I. BACKGROUND

On or about December 7, 2007, Defendants First Command Financial Planning, Inc., First Command Financial Services, Inc. ("First Command"), Lamar C. Smith and Howard M. Crump (hereinafter collectively "Defendants") served Plaintiffs with a First Set of Interrogatories, containing one interrogatory with seven subparts, directed to "Each Absent Class Member Represented by Lead Plaintiffs and Lead Counsel." Adams Decl. in Supp. of Mot., Ex. B. A preface to

the interrogatory provides, "This information is being sought solely for the purpose of rebutting the presumption of reliance imposed by the Court." *Id.* On or about December 28, 2007, Plaintiffs served objections to the interrogatory. *Id.*, Ex. C. Defendants subsequently filed a Motion for Approval of Interrogatory to Absent Class Members and Motion to Compel [Doc. No. 212].

On or about January 30, 2008, Defendants served Plaintiffs with a Second Set of Interrogatories, containing three interrogatories, and a First Set of Requests for Admission, containing thirteen requests for admission, again directed to each absent class member. Adams Supp. Decl. in Supp. of Mot. & Supp. Mot., Exs. G & H. Both sets of discovery are prefaced by the following statement: "[P]lease provide the following information which is necessary for Defendants to separately rebut that [sic] presumption of reliance as to each absent class member and to defend the other elements of Plaintiffs' claim." *Id.* On or about February 28, 2008, Plaintiffs served objections to both sets of discovery. *Id.*, Exs. I & J. At the Court's direction, Defendants subsequently filed a Supplemental Motion for Approval of Discovery to Absent Class Members and Motion to Compel [Doc. No. 222].

All of the above discovery seeks responses "within 30 days after the expiration of the opt-out period in the Class Notice." Adams Decl. in Supp. of Mot., Ex. B; Adams Supp. Decl. in Supp. of Mot. & Supp. Mot., Exs. G & H.[1] Plaintiffs oppose both Defendants' motion and supplemental motion. Plaintiffs assert, and Defendants do not dispute, that there are 178,527 absent class members. Pls.' Mem. at 1.

## II. *DISCUSSION*

### A. The Presumption of Reliance

■ Plaintiffs contend that Defendants violated § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5. It is undisputed that reliance is an element of a § 10(b)/Rule 10b–5 cause of action. *Stoneridge Inv. Part-*

*ners, LLC v. Scientific–Atlanta,* —— U.S. ——, ——, 128 S.Ct. 761, 768, 169 L.Ed.2d 627 (2008); *Basic Inc. v. Levinson,* 485 U.S. 224, 243, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). "Reliance provides the requisite causal connection between a defendant's misrepresentation and a plaintiff's injury." *Basic,* 485 U.S. at 243, 108 S.Ct. 978.

In her order certifying the class in this action, District Judge Gonzalez found that First Command's "sufficiently similar" misrepresentations "give rise to a presumption that plaintiffs relied on those misrepresentations in deciding to purchase a [systematic investment plan ("SIP")] or increase their investment in a previously purchased SIP." July 30, 2007 Order, pp. 23–24. In other words, Judge Gonzalez found that "plaintiffs can establish a presumption of reliance by means of sufficiently uniform oral misrepresentations in a marketing script." *Id.*, p. 24.

■ A presumption of reliance in a § 10(b)/Rule 10b–5 action is rebuttable. *Basic,* 485 U.S. at 250, 108 S.Ct. 978. In *Basic,* the Supreme Court set forth three ways for defendants to rebut the presumption of reliance in a fraud-on-the-market case: (1) by rebutting proof of the elements giving rise to the presumption, (2) by showing that the misrepresentations did not lead to a distortion of a stock's market price, or (3) by demonstrating that an individual plaintiff traded or would have traded despite his knowing the statement was false. *Id.* at 248, 108 S.Ct. 978. "Any showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance." *Id.*

■ The methods for rebutting the presumption of reliance under *Basic* thus permit rebuttal on a class-wide or individual basis. In *Jaroslawicz v. Engelhard Corp.,* 724 F.Supp. 294 (D.N.J.1989), another fraud-on-the-market case, the court recognized that *Basic* "described several examples of proof that would rebut the presumption, some of

---

1. According to the Class Notice, the opt-out period expired on March 21, 2008. *See* Doc. No. 211.

which lend themselves to class-wide, aggregate determinations." *Jaroslawicz*, 724 F.Supp. at 300. The court also acknowledged that "fraud-on-the-market reliance may be rebutted by individualized proof that focuses on a claimant's idiosyncratic investment choice." *Id.* In other words, " 'class-wide' and 'individual' rebuttals of reliance are separable events." *Id.* at 302 (citing *Blackie v. Barrack*, 524 F.2d 891, 906 (9th Cir.1975)).

Although the presumption of reliance in this case does not rest upon the fraud-on-the-market doctrine, the analyses regarding rebutting the presumption of reliance in *Basic* and *Jaroslawicz* are still instructive to the Court.[2] In particular, it is evident that Defendants have multiple means by which they may seek to rebut the presumption of reliance in this case. For the reasons discussed below, Defendants have not demonstrated that the discovery they presently seek in relation to rebutting the presumption of reliance is either appropriate or necessary at this stage of this class action proceeding.

## B. Discovery from Absent Class Members is Generally Not Permitted in Class Actions

■ Discovery from absent class members is ordinarily not permitted. *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 453 (S.D.Cal.2001). "[A]n absent class-action plaintiff is not required to do anything." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). "It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason [behind Rule 23(a)(1) of the Federal Rules of Civil Procedure] would fail." *Fischer v. Wolfin-*

*barger*, 55 F.R.D. 129, 132 (W.D.Ky.1971). "Whether prior to class certification or after, discovery, except in the rarest of cases, should be conducted on a class wide level. . . . [¶] If joinder of all parties is impracticable, propounding discovery like interrogatories, depositions, and requests to produce on an individual basis is even more impracticable." *Adkins v. Mid–America Growers, Inc.*, 141 F.R.D. 466, 468 (N.D.Ill.1992). Importantly, a defendant who propounds discovery upon absent class members requires those members to take some affirmative action to remain in the class, "effectively creating an 'opt in' requirement which is inconsistent with the 'opt out' provisions of Rule 23." *On the House*, 203 F.R.D. at 456. "Thus, allowing defendants to subject absent class members to discovery may defeat the purpose of certifying the class in the first place." *Id.*

■ While some courts have permitted discovery of absent class members, they have done so only where the proponent of the discovery establishes that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340–42 (7th Cir.1974).[3]

## C. Defendants Are Not Entitled to the Absent Class Member Discovery They Seek

■ Applying the factors articulated in *Clark*, the Court finds that Defendants have not carried their burden of justifying the

---

2. The presumption of reliance in this case is founded upon *In re First Alliance Mortgage Co.*, 471 F.3d 977 (9th Cir.2006) and *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 140 F.R.D. 425 (D.Ariz.1992). *See* July 30, 2007 Order, pp. 22–24. In rejecting Defendants' argument that individual reliance is required in this case, which involves alleged fraud in face-to-face transactions rather than an alleged fraud-on-the-market, Judge Gonzalez specifically noted that her findings were "faithful to the Supreme Court's holding in *Basic*." *Id.* at 24.

3. Other courts have allowed discovery of absent class members only "where a strong showing is made that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class." *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D.Conn.1995) (citations omitted).

absent class member discovery they seek. With respect to the first factor, the Court finds that notwithstanding Defendants' stated purpose of utilizing the discovery responses to rebut the presumption of reliance and to defend other elements of Plaintiffs' claim, the practical effect of the discovery would be to reduce the size of the class. Obtaining the answers to the proposed discovery from all 178,527 absent class members is impracticable and unrealistic. The level of detail required to respond to the discovery, which requests, for example, that absent class members "provide all information [you] relied upon in making [your] decision to invest in a SIP" (Interrogatory No. 1) and "provide detailed information describing your experience and knowledge as an investor before you invested in a SIP," including listing "every investment you made before investing in your SIP" (Interrogatory No. 2), would deter many absent class members from responding, particularly if they are unaware of the ramification of not providing responses. Moreover, the discovery requests would have the effect of requiring an opt-in procedure, particularly given Defendants' reservation of their right to "seek appropriate relief" (i.e., a dismissal of claims) as to any class members who do not timely respond to the discovery. *See* Defs.' Mem. at 8 n. 8 & Defs.' Supp. Mem. at 11 n. 10 (citing *Lamb v. United Sec. Life Co.,* 59 F.R.D. 25, 43 (S.D.Iowa 1972) (providing for dismissal of claims for failure to diligently prosecute if class members failed to submit proof of claim forms)). This is clearly contrary to Rule 23(b)(3) and Judge Gonzalez's order certifying the class in this case.

With regard to the second factor, Defendants have failed to show that the proposed discovery is necessary. The presumption of reliance found in this case rests upon a showing by Plaintiffs that the script used by Defendants' sales representatives contained material misrepresentations, and that the sales representatives used a uniform script. As set forth in *Basic,* Defendants can rebut the presumption of reliance by rebutting proof of the elements giving rise to the presumption, i.e., by showing that the script did not contain material misrepresentations, or that the oral representations were not uniform (i.e., that the sales representatives were not taught the script or that, even if they were, they did not follow it). *See Basic,* 485 U.S. at 248, 108 S.Ct. 978. Indeed, Defendants have already indicated their intent to demonstrate both of these points at trial. *See, e.g.,* Defs.' Supp. Mem. at 5 ("Defendants assuredly intend to provide the truth of [the alleged fraudulent statements] at trial."); July 30, 2007 Order, p. 3 ("According to First Command's then-CEO, however, sales representatives were '[a]bsolutely not' required to adhere verbatim to the track during a sales meeting because '[i]t would be impractical to do so.'"). Defendants can present testimony at trial from their sales personnel, district managers and/or officers on each of these points in order to attempt to rebut the presumption of reliance on a class-wide basis. There is accordingly no need for discovery of the absent class members.

With respect to the third factor, Defendants have utterly failed to convince the Court that responding to the discovery requests would not require the assistance of counsel. As Plaintiffs state, in order to properly respond to Defendants' discovery, each absent class member "would need to confer with Class Counsel to understand the purpose of the request, the penalty for not filing a response, the need to discuss all relevant information, the need to refresh their recollection with documentation, the need to understand the context of the request in light of the allegations of the complaint and the reason the Defendants are making the request." Pls.' Mem. at 1. This is not "coaching" the class members, as Defendants contend (*see* Defs.' Reply at 2), but rather is wholly consistent with Class Counsels' obligations in representing the absent class members. *Van Gemert v. Boeing Co.,* 590 F.2d 433, 440 n. 15 (2d Cir.1978), *aff'd,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980).

Defendants' expectation that absent class members could respond to requests for admission without the assistance of counsel is particularly unrealistic. Under Rule 36, a matter is admitted unless the party to whom the request for admission is directed serves a written answer or objection addressed to the matter, and a matter admitted is *conclusive-*

*ly established* unless the court permits the admission to be withdrawn or amended. Fed.R.Civ.P. 36(a)(3) & (b) (emphasis added). A lay person could not be expected to properly respond to a request for admission nor to understand the ramifications of an admission or denial without first consulting with counsel. Moreover, Defendants' questionnaire format setting forth their requests for admission (*see* Adams Supp. Decl., Ex. H), which allows for the respondent to "check" only "Admitted" or "Denied", without explanation, is misleading in that the format does not permit a respondent to provide full responses to the requests. *See* Fed.R.Civ.P. 36(a)(3)-(5) (permitting responses to requests for admission to contain objections or answers which assert lack of knowledge).

Finally, with regard to the fourth factor, as noted above, Defendants already possess information (through their sales representatives, district managers and officers) concerning the alleged uniformity of the script and the representations made to the members of the class with which to attempt to rebut the presumption of reliance on a class-wide basis. As discussed in the next section of this Order, issues and information pertaining to individual class members are more appropriately and efficiently addressed in separate proceedings after the determination of common, class-wide issues.

The cases upon which Defendants rely to support their argument that discovery of the absent class members should be permitted are distinguishable. In *Cornn v. United Parcel Service, Inc.,* 2006 WL 2642540 (N.D.Cal.2006), the Special Master had already decided, without objection by the plaintiffs, that discovery upon the absent class members should be permitted. *Cornn,* 2006 WL 2642540, at *2. Thus, the court stated that it "need not consider arguments that refer to whether discovery of absent class members should be allowed." *Id.* The issues presented to this Court were thus not squarely before the court in *Cornn.* In *Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir.1971), the Seventh Circuit considered only two of the four factors that the Court has analyzed here. *See Brennan,* 450 F.2d at 1006 (considering only

whether the requested information was needed for trial and whether the discovery devices were being used to take unfair advantage of absent class members); *see also Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546 (11th Cir.1986) (*"Brennan* has not been unswervingly followed in the Seventh Circuit, and it has arguably been narrowed by subsequent rulings."). Finally, *Easton & Co. v. Mutual Benefit Life Ins. Co.,* 1994 WL 248172 (D.N.J.1994), which involved only 160 class members, has not been cited by any other court in support of permitting discovery of absent class members. Moreover, the *Easton* court made a specific finding that class members would not require the assistance of counsel to respond to the proposed discovery in that case. As discussed above, the Court has found exactly the opposite here.

### D. Individual Issues of Reliance Can Be Addressed in Separate Proceedings

■ Finally, there are superior and more efficient ways for individual issues to be handled in this case in a manner more consistent with Rule 23. For example, inquiry into individual issues can take place during a second phase of trial or during the claims administration process:

> Class members are sometimes called on to provide the court with information regarding their individual claims. This may be appropriate in connection with preparation for the second stage of a bifurcated trial (with adequate time allowed for discovery) or the determination of entitlement to individual relief under a judgment or settlement.... Class members should not, however, be required to submit proofs of claim as a condition of membership in the class, which would be equivalent to establishing an opt-in procedure. Nor should such claim forms or questionnaires be used to evade the general limitation on discovery from absent class members.

*Manual for Complex Litigation (Third),* § 30.232; *see also On the House,* 203 F.R.D. at 458 ("[T]he most appropriate time to gather any necessary information from individual class members is generally after a determi-

nation of liability and before payment of individual claims.").

Indeed, the cases cited by Defendants support deferring the consideration of individualized issues until after class-wide issues have been resolved. In *Jaroslawicz*, the court found that all evidence rebutting "generalized issues of reliance" should be put before the jury and then, if the defendant was found liable, separate proceedings would go forward in which "individualized rebuttal proceedings" would take place. *Jaroslawicz*, 724 F.Supp. at 302–03. In *Waters v. Int'l Precious Metals Corp.*, 172 F.R.D. 479 (S.D.Fla.1996), the court found that the defendants were entitled to rebut the presumption of reliance on an individual basis. *Waters*, 172 F.R.D. at 486. In doing so, however, the court decided that the action would "proceed as a class action on the common issues, i.e., *all* issues except reliance, and subsequent to the jury's verdict, the Court will confer with the parties to develop an appropriate, manageable and lawful procedure to allow the Defendants to present proof of non-reliance on an individual basis." *Id.* at 487.

Numerous other courts have recognized that individual issues of reliance are most efficiently determined after class-wide issues have been determined. *See, e.g., Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1435 (9th Cir.1996); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2005 WL 3801463, at *4 (N.D.Ill. Apr.18, 2005); *In re Lucent Technologies Inc. Sec. Litig.*, 2002 WL 32818345, at *2, 2002 U.S. Dist. LEXIS 8799, at *6 (D.N.J. May 7, 2002); *In re WorldCom. Inc. Sec. Litig.*, 2005 WL 375315, at *2 (S.D.N.Y. Feb. 17, 2005); *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir.1985); *In re Laser Arms Corp. Sec. Litig.*, 794 F.Supp. 475, 495 (S.D.N.Y.1989); *Biben v. Card*, 789 F.Supp. 1001, 1003 (W.D.Mo.1992).[4]

## III. *CONCLUSION*

For the reasons set forth above, the Court hereby **DENIES** Defendants' motion and supplemental motion for approval of discovery to absent class members.

**IT IS SO ORDERED.**

---

4. The Court declines Defendants' request for an order requiring the submission of trial plans by the parties, as doing so is not necessary to the resolution of the issues presently before the Court. Moreover, the determination and implementation of an appropriate trial plan is a matter for the trial judge.